The STATE of Texas, Relator,

v.

The THIRTEENTH COURT OF
APPEALS, Respondent.

No. 96–0292.

Supreme Court of Texas.

Sept. 19, 1996.

**44**

Sheila Ellwood, Dan Morales, Austin, for Relator.

Michael G. Mullen, Jessie A. Amos, Austin, for Respondent.

## OPINION ON MOTION FOR REHEARING

PER CURIAM.

The Real Party in Interest's Motion for Rehearing is overruled. The following opinion is substituted for the Court's opinion issued on June 6, 1996.

The issue in this case is when does an eligible health care liability claim accrue for purposes of the effective date of Chapter 110 of the Texas Civil Practice and Remedies Code. Ricardo Barron was stabbed in the back in 1982. The knife blade broke off in his back. Dr. John Tucker treated Barron but did not notice the knife blade. In 1992, Barron returned to Tucker for treatment for unrelated injuries. The following year, another doctor treating Barron noticed the knife blade. Barron sued Tucker in 1994 for medical malpractice in failing to discover and remove the knife blade in 1982.

Texas Medical Liability Trust (TMLT), Tucker's insurer and the real party in interest in this proceeding, settled Barron's claim and requested indemnity from the State of Texas under section 110.002 of the Texas Civil Practice and Remedies Code. The State objected on several grounds, including that Barron's claim accrued before the effective date of Chapter 110. The trial court sustained the State's objection, without specifying its reasoning. TMLT sought mandamus from the court of appeals under section 110.006(b). TEX. CIV. PRAC. & REM.CODE § 110.006(b). The court of appeals concluded that Barron's claim accrued under the discovery rule in 1993, after the effective date of Chapter 110, when x-rays first revealed the knife in his back. The court of appeals conditionally granted mandamus directing the trial court to vacate its order and enter an order directing the State to indemnify TMLT. —— S.W.2d ——. We agree with the State that Barron's claim accrued in 1982 and thus is not covered by the indemnification scheme authorized in Chapter 110. We conditionally grant the writ of mandamus.

■ The State of Texas provides indemnification of eligible health care liability claims asserted against certain health care professionals who provide a requisite amount of charity care. TEX. CIV. PRAC. & REM.CODE

§§ 110.001(2), 110.002. As part of the indemnification scheme, the State mandated reductions in professional liability insurance premiums for health care professionals who provide the requisite charity care. TEX. INS. CODE ANN. art. 5.15–4 (Vernon Supp.1996); *State v. Pruett,* 900 S.W.2d 335, 337 (Tex. 1995). The premium discount must reflect the insurer's reduced liability exposure based on the State's indemnification. TEX. INS. CODE ANN. art. 5.15–4; *Pruett,* 900 S.W.2d at 337.

 The State's indemnification obligation extends only to "eligible health care liability claims" accruing on or after January 1, 1990. Act of May 24, 1989, 71st Leg., R.S., ch. 1027, § 31, 1989 Tex. Gen. Laws 4128, 4149. Chapter 110 does not define when an "eligible health care liability claim" accrues. However, Chapter 110 incorporates article 4590i as it relates to health care liability claims. Section 110.001(2) states:

> "Eligible health care liability claim" means a health care liability claim as defined in the Medical Liability and Insurance Improvement Act of Texas (Article 4590i, Vernon's Texas Civil Statutes) against a health care professional or health clinic that renders charity care in at least 10 percent of the patient encounters engaged in by said health care professional or health clinic during the policy year in which the claim was made.

TEX. CIV. PRAC. & REM.CODE § 110.001(2). Article 4590i, § 1.03(a)(4) defines a "health care liability claim" as:

> [A] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to or death of the patient, whether the patient's claim or cause of action sounds in tort or contract.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 1.03(a)(4). Section 110.001(2) refers to article 4590i, not simply to section 1.03(a)(4) of article 4590i. Had the Legislature intended to limit the definition of an eligible health care liability claim to refer solely to section 1.03(a)(4), the Legislature could have explicitly provided additional language limiting the reference to section 1.03(a)(4) of article 4590i.

Further, both statutes contain virtually identical definitions of "health care liability claims." Chapter 110 provides:

> "Health care liability claim" means a claim or action against a health care *professional or health clinic* for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to or death of *a* patient, whether the patient's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM.CODE § 110.001(6) (emphasis added). The differences between the definitions of health care liability claim in article 4590i and Chapter 110 are insignificant. Article 4590i provides for a cause of action against a health care "provider or physician," while Chapter 110 involves a cause of action against a health care "professional or health clinic." In addition, article 4590i covers injury to "the" patient, while Chapter 110 which covers injury to "a" patient. Because the definitions of a "health care liability claim" are nearly identical, the reference to article 4590i in Section 110.001(2) must be to something more than section 1.03(a)(4) of article 4590i. The reference to article 4590i is to entirety of that statute, including the limitations set forth in section 10.01, and not simply the definition provided in section 1.03(a)(4).

Accordingly, the time within which a suit on a health care liability claim must be commenced for purposes of Chapter 110 is set out in section 10.01 of article 4590i. TEX.REV. CIV. STAT. ANN. art. 4590i, § 10.01. As we have observed in the past, that section does not contain the word "accrued" or any derivation of that word. *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985). We held in *Morrison* that the Legislature intentionally excluded the word "accrued" from section 10.01 and adopted an absolute statute of limitations to abolish the discovery rule in health care liability claims under article 4590i. *Id.* Accordingly, the Legislature has limited the time to sue on a health care liability claim to a two-year period from (1) the occurrence of the breach of duty or tort, (2) the date the

treatment that is subject of the claim is completed, or (3) the date the hospitalization for which the claim is made is completed. TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01.

As section 10.01 defines a date certain on which a health care liability claim is ripe for limitations purposes under article 4590i, that date governs the applicability of section 110.001 of the Texas Civil Practice and Remedies Code to any given claim for indemnity. In this case, Barron's health care liability claim against Tucker arose in 1982 when Tucker failed to detect and remove the knife blade from Barron's back, eight years before the effective date of Chapter 110.

TMLT argues that article 4590i is unconstitutional as applied to Barron's claim and that his claim arose in 1993 when Barron first discovered the knife blade in his back. *See Nelson v. Krusen,* 678 S.W.2d 918, 922–23 (Tex.1984) (predecessor to section 10.01 of article 4590i unconstitutional when statute of limitations cuts off remedy before injured person has reasonable opportunity to discover the wrong). TMLT argues that Barron alleged in his petition that he could not have discovered the knife blade in his back earlier and that to apply section 10.01 of article 4590i violates the open courts provision of the Texas Constitution. *See* TEX. CONST. art. I, § 13.

██ We need not decide, however, whether Barron, having only discovered the knife blade in 1993, can maintain his claim against Tucker under article 4590i or the open courts provision. Whether a plaintiff timely brought a health care liability claim under article 4590i, or whether that plaintiff benefits from the open courts provision when limitations has run, is one question. Whether Chapter 110 applies to that claim is a separate question. The open courts provision of our Constitution simply has no bearing on the latter. The open courts provision is a right guaranteeing access to the courts. *See Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 448 (Tex.1993) (The open courts provision precludes the Legislature from abrogating the right to assert a well-established common law cause of action unless the reason for doing so outweighs the litigant's constitutional right of redress.). The open courts provision may prevent limitations from barring claims that could not have been brought sooner, but it does not change the accrual date within the meaning of section 110.001.

We recognize that under this reading of Chapter 110 there may be claims that are timely brought, but for which there is no indemnity. However, the State's indemnity obligations are voluntarily assumed by statute. The Legislature certainly has the authority to define the scope of its voluntary indemnity obligations. The open courts provision does not require the Legislature to authorize indemnification of claims arising before a certain date, even if the provision would allow an injured person to sue after limitations has expired.

The trial court correctly sustained the State's objection to indemnification because Barron's claim accrued before the effective date of Chapter 110. The court of appeals abused its discretion in conditionally granting writ against the trial court absent an abuse of discretion by that court. *Scott v. Twelfth Court of Appeals,* 843 S.W.2d 439, 440 (Tex. 1992). This Court, without hearing oral argument, grants leave to file and conditionally grants the writ of mandamus. *See* TEX. R.APP. P. 122. The writ will issue only if the court of appeals does not vacate its mandamus judgment.