Linda **ROBINSON**, individually, and as Personal Representative of the Estate of Michael Paul Robinson, a/k/a Michael P. Robinson, deceased, Appellant (Plaintiff),

v.

**PACIFICORP**, an Oregon corporation; Olin Corp., a Virginia corporation; Bayer Corp., an Indiana corporation; LeRoy Rufinni, an individual; William Rossetti, an individual; Steve Wotruba, an individual; Greg Heger, an individual; Rick Wooley, an individual; Don Vincent, an individual; Bill Bolinder, an individual; Ladd Poor, an individual; and Jeff Walsh, an individual, Appellees (Defendants).

No. 98–365.

Supreme Court of Wyoming.

Sept. 15, 2000.

Representing Appellant: Tim Newcomb and Maynard Grant of Grant & Newcomb, Laramie, Wyoming; Roger Griffin, Logan, Utah; and Rodney Jack Reynolds of Gregory, Johnson & Barton, P.C., Houston, Texas.

Representing Appellees: Richard E. Day of Williams, Porter, Day and Neville, Casper, Wyoming; H. James Clegg, Salt Lake City, Utah; Dennis Lancaster of Phillips and Lancaster, Evanston, Wyoming; Joe M. Teig, P.C. of Holland & Hart, Jackson, Wyoming; and Mark G. Zellmer of Husch & Eppenberger, LLC, St. Louis, Missouri.

Before LEHMAN, C.J., and THOMAS, MACY*, GOLDEN, and HILL, JJ.

* Retired June 2, 2000.

MACY, Justice.

Appellant Linda Robinson, individually and as the personal representative of the Estate of Michael Paul Robinson, appeals from an order which dismissed her wrongful death action against Appellees Pacificorp, Olin Corp., Bayer Corp., LeRoy Rufinni, William Rossetti, Steve Wotruba, Greg Heger, Rick Wooley, Don Vincent, Bill Bolinder, Ladd Poor, and Jeff Walsh under W.R.C.P. 12(b)(6).

We affirm.

## ISSUES

Robinson presents three issues to this Court:

**ISSUE ONE:**

Whether the district court erred in holding that Plaintiff's cause of action is barred by W.S. § 1–38–102(d)'s two-year statute of repose or condition precedent in that, as applied herein, the said statute is unconstitutional as violating Article I, Section 8 of the Wyoming Constitution.

**ISSUE TWO:**

Whether the district court erred in dismissing this case where the Plaintiff's pleadings allege concealment of the cause of Plaintiff's husband's death by Defendants, sufficient to toll even an absolute two-year statute of repose.

**ISSUE THREE:**

Whether the District Court erred in failing to apply the four-year discovery statute of limitations from W.S. § 1–3–105 applicable to a survival cause of action under W.S. § 1–4–101.

## FACTS

Robinson's husband, Michael Paul Robinson, was employed by Pacific Power and Light from 1982 to 1987 at the Jim Bridger Power Plant in Sweetwater County. Robinson alleges that, during the course of his employment, her husband was exposed to lethal levels of hydrazine. She contends that he began experiencing pain and suffering in July of 1987 and ultimately died on November 20, 1987, as a result of his exposure to this chemical.

Robinson filed a complaint against the appellees on November 21, 1997. She filed an amended complaint on January 9, 1998, wherein she asserted that she did not discover the cause of her husband's death until December of 1995.

The appellees filed motions to dismiss, asserting that Robinson's wrongful death claim was time barred. In her response to these motions, Robinson maintained that the allegations in her complaints gave rise to an action arising under the wrongful death statutes, Wyo. Stat. Ann. §§ 1–38–101 and 1–38–102 (LEXIS 1999), or alternatively to a negligence claim. She contended that the negligence claim survived her husband's death under the survival statute, Wyo. Stat. Ann. § 1–4–101 (LEXIS 1999).

Before the hearing was held on the appellees' motions, the Wyoming Supreme Court issued its decision in *Corkill v. Knowles*, 955 P.2d 438 (Wyo.1998), wherein it held that the two-year limitation period contained within the wrongful death statutes is a condition precedent as opposed to a statute of limitation which can be tolled by the discovery rule. 955 P.2d at 443. Because the decision in *Corkill* precluded a wrongful death claim, Robinson argued that her claim could still be brought under the survival statute.

A hearing was held, and the district court granted the appellees' motions to dismiss, finding that "a personal injury action which subsequently resulted in death could only be maintained as a wrongful death action" and that this Court's *Corkill* decision precluded recovery by Robinson. Robinson appeals to this Court.

## STANDARD OF REVIEW

When reviewing a W.R.C.P. 12(b)(6) dismissal, this Court accepts all facts stated in the complaint as being true and views them in the light most favorable to the plaintiff. *Bird v. Rozier*, 948 P.2d 888, 892 (Wyo.1997). Dismissal is a drastic remedy and is sparingly granted. *Rissler & McMurry Co. v. State*, 917 P.2d 1157, 1160 (Wyo. 1996), *cert. denied*, 519 U.S. 1091, 117 S.Ct. 765, 136 L.Ed.2d 712 (1997). Nevertheless, we will sustain a W.R.C.P. 12(b)(6) dismissal

when it is certain from the face of the complaint that the plaintiff cannot assert any set of facts that would entitle her to relief. *Id.*

## DISCUSSION

■ Neither of Robinson's first two issues was raised in the district court. We generally will not consider issues which are raised for the first time on appeal unless they are jurisdictional issues or issues of such a fundamental nature that they must be considered. *WW Enterprises, Inc. v. City of Cheyenne*, 956 P.2d 353, 356 (Wyo.1998).

### A. Tolling the Two–Year Condition Precedent

■ A party is required to plead a fraudulent concealment cause of action with particularity. *Ahearn v. Anderson–Bishop Partnership*, 946 P.2d 417, 424 (Wyo.1997); W.R.C.P. 9(b). Robinson's claim that the two-year condition precedent contained within the wrongful death statutes should be tolled because the appellees "concealed and misrepresented material facts from [Robinson's] husband regarding the dangers associated with exposure to hydrazine" was not pleaded with sufficient particularity to enable us to conclude that the issue was raised below. We, therefore, decline to address that issue.

### B. "Open Courts" Provision

■ Robinson's "open courts" issue, although not raised below, involves a fundamental right of which we will take cognizance. *Mills v. Reynolds*, 837 P.2d 48, 54 (Wyo.1992). She charges that the district court's dismissal of the complaint, based upon a strict application of the two-year condition precedent set forth in § 1–38–102(d) of the wrongful death statutes, violates the "open courts" provision of Article 1, Section 8 of the Wyoming Constitution, which provides in relevant part: "All courts shall be open and every person for an injury done to person, reputation or property shall have justice administered without sale, denial or delay." She reasons that the application of the absolute two-year time limit of the wrongful death law foreclosed her legal remedy before she had knowledge of her claim. She as-

serts, therefore, that the statutory provision must necessarily yield to the constitutional provision.

In her treatment of this issue, Robinson has not undertaken an appropriate constitutional analysis of the meaning of the "open courts" provision and has made no effort to discern the distinct purposes behind that provision. Her treatment falls far short of the sound historical research and rigorous constitutional analysis that form the necessary predicate to principled constitutional interpretation. *See, e.g., Dworkin v. L.F. P., Inc.*, 839 P.2d 903, 909–12 (Wyo.1992) (analysis of Article 1, Section 20 of the Wyoming Constitution). There have been scholarly examinations of the "open courts" provision which appears, in one form or another, in most of the state constitutions. *See, e.g.,* William C. Koch, Jr., *Reopening Tennessee's Open Courts Clause: A Historical Reconsideration of Article I, Section 17 of the Tennessee Constitution*, 27 U. Mem. L.Rev. 333 (1997); Jonathan M. Hoffman, *By the Course of the Law: The Origins of the Open Courts Clause of State Constitutions*, 74 Or. L.Rev. 1279 (1995); David Schuman, *The Right to a Remedy*, 65 Temp. L.Rev. 1197 (1992); John H. Bauman, *Remedies Provisions in State Constitutions and the Proper Role of the State Courts*, 26 Wake Forest L.Rev. 237 (1991) (appendix is compilation of the provisions found in thirty-eight state constitutions); and Ruth A. Mickelsen, *The Use and Interpretation of Article I, Section Eight of the Minnesota Constitution 1861–1984*, 10 Wm. Mitchell L.Rev. 667 (1984). As the law review articles reveal, state courts have been active in interpreting the "open courts" provision in a variety of contexts and "have adopted an equally daunting variety of remedy guarantee interpretations." *Schuman, supra*, at 1203. A variety of interpretations may be found within a single court. *See, e.g., Craftsman Builder's Supply, Inc. v. Butler Manufacturing Company*, 974 P.2d 1194 (Utah 1999); *Estate of Makos by Makos v. Wisconsin Masons Health Care Fund*, 211 Wis.2d 41, 564 N.W.2d 662 (1997), *overruled by Aicher by LaBarge v. Wisconsin Patients Compensation Fund*, 613 N.W.2d 849 (Wis. 2000).

Forgoing appropriate constitutional analysis, Robinson supports her position on the issue presented by referring to two inapplicable Wyoming cases and two inapplicable Texas cases. *Phillips v. ABC Builders, Inc.*, 611 P.2d 821 (Wyo.1980), was not a wrongful death case but rather involved a statute of repose in a homeowner's action against a builder for negligence and breach of implied warranty of fitness in the construction of footings for a house. *State ex rel. Wyoming Workers' Compensation Division v. Halstead*, 795 P.2d 760 (Wyo.1990), was also not a wrongful death case but instead involved a statute of limitations in a worker's compensation case in which benefits were awarded to a child who had been born out of wedlock after his father was killed in a work-related accident. The two Texas cases were also not wrongful death cases but rather involved a statute of limitations in medical negligence litigation. *Texas Medical Liability Trust v. Garza*, 918 S.W.2d 632 (Tex.App.1996), *overruled sub nom. State v. Thirteenth Court of Appeals*, 933 S.W.2d 43 (Tex.1996), and *Jennings v. Burgess*, 917 S.W.2d 790 (Tex.1996). That these nonwrongful death cases are clearly inapplicable to the issue presented is convincingly shown by *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348 (Tex.1990), which is directly on point. In *Moreno*, the Texas Supreme Court held that the two-year absolute period of limitations in the Texas wrongful death law does not violate the "open courts" provision of the Texas Constitution. 787 S.W.2d at 349. The essential facts were these: The plaintiffs' infants died of Reye's syndrome in 1981; days before their deaths, they had ingested doses of aspirin manufactured by the defendant; after the infants' deaths, their plaintiff parents learned that, in some instances, the use of aspirin factored into Reye's syndrome deaths; under Texas' wrongful death statute, suit must be brought not later than two years after the death; and, in 1985, four years after the infants' deaths, the plaintiff parents brought their wrongful death actions. In the plaintiffs' "open courts" argument, they contended that the two-year absolute period made their "remedy contingent on an impossible condition, namely, the discovery of the connection between aspirin and Reye's syndrome within two years after [their children's deaths]." 787 S.W.2d at 355. Further, the plaintiff parents contended that the two-year absolute period was "unreasonable and arbitrary because it denie[d them] a remedy that would have been available to [them] had [their children] lived instead of died." *Id.* The court reviewed Texas' "open courts" provision, which reads: " 'All courts shall be open, and every person for an injury done him, and his lands, goods, person or reputation, shall have remedy [1] by due course of law.' " *Id.; see also* Tex. Const. art. I, § 13.

The court then noted:

In order to establish an "open courts" violation, a litigant must satisfy a two-part test: first, he must show that he has a well-recognized common-law cause of action that is being restricted; and second, he must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute.

*Moreno*, 787 S.W.2d at 355. In considering whether the plaintiffs were asserting a common-law cause of action in their wrongful death suit, the court reviewed its precedent which recognized "the distinction between a court's power to apply 'open courts' protection to common-law causes of action on the one hand, and statutorily created actions on the other." *Id.* The court explained:

A common-law cause of action exists without a legislative enactment. As such, article I, section 13 of the Texas Constitution mandates that the courts be open to pursuing such claims. The legislature is not entitled to restrict or abrogate a common-law cause of action without a reasonable basis and without providing an adequate substitute. If, however, a cause of action was not recognized at common law, but

---

1. The word "remedy" appears in the constitutions of all states except Wyoming, Arizona, Florida (redress), Georgia, and Washington. Bauman, *supra*, at 284–88. Interestingly, Justice Stewart of Utah maintains that the absence of the word "remedy" or its equivalent suggests a guarantee limited to protection of the procedural rights of access to the courthouse and a speedy administration of judicial proceedings. *Craftsman Builder's Supply, Inc.*, 974 P.2d at 1208 (Stewart, J., concurring).

was itself created by the legislature, any legislative abrogation of the cause of action would not be a true abrogation of a constitutional right. Rather, the legislature would simply not have granted as extensive a right as it might have. *See Castillo v. Hidalgo County Water Dist. 1,* 771 S.W.2d 633, 636 (Tex.App. – Corpus Christi 1989, no writ) ("Open Courts" provision does not apply to wrongful death action, which is a statutory cause of action "that expands the rights of an individual beyond those granted by the common law"); *see also Stout v. Grand Prairie Indep. School Dist.,* 733 S.W.2d 290, 295 (Tex.App. – Dallas 1987, writ ref'd n.r.e.); *Tarrant County Hosp. Dist. v. Ray,* 712 S.W.2d 271, 273 (Tex.App. – Fort Worth 1986, writ ref'd n.r.e.).

This court has repeatedly said there was no recognized common-law cause of action for wrongful death. *See Witty,* 727 S.W.2d at 505–06; *Duhart v. State,* 610 S.W.2d 740, 742 n. 2 (Tex.1980); *Marmon v. Mustang Aviation, Inc.,* 430 S.W.2d 182, 186 (Tex.1968); *Elliott v. City of Brownwood,* 106 Tex. 292, 166 S.W. 1129 (1914); *Galveston, Harrisburg and San Antonio R.R. Co. v. Le Gierse,* 51 Tex. 189, 199 (1879). Wrongful death causes of action owe their existence to statutes changing this common-law rule. TEX.CIV.PRAC. & REM. CODE ANN. § 71.002; *Duhart,* 610 S.W.2d at 742 n. 2; *Marmon,* 430 S.W.2d at 182.[7]

---

[7]. The common-law not only "denied a tort recovery for injury once the tort victim had died, it also refused to recognize any new and independent cause of action in the victim's dependents or heirs for their own loss at his death." W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on the Law of Torts* § 127, at 945 (5th ed.1984). (citations omitted). This rule denying a common-law right to assert a wrongful death action was confirmed in *Baker v. Bolton,* 1 Camp. 493, 170 Eng. Reprint 1033 (1808). In response to *Baker,* the English Parliament, in 1846, enacted "an Act for Compensating the Families of Persons Killed by Accident," otherwise known as Lord Campbell's Act. 9 & 10 Vict., ch. 93 § 2 (1846). *See Witty v. American General Distrib., Inc.,* 727 S.W.2d 503, 504 (Tex. 1987) ("Prior [to] the passage of Lord Campbell's Act, there was no statutory or common-law cause of action for wrongful death.") This statute served as the pattern for Texas' first wrongful death statute, enacted in 1860. Tex. Gen. Laws 32; *March v. Walker,* 48 Tex. 372, 375 (1877); *Sanchez v. Schindler,* 651 S.W.2d 249, 251 (Tex.1983).

787 S.W.2d at 355–56. Relying on this precedent, the court concluded that the plaintiffs' constitutional attack on the two-year absolute statute

> is not premised upon restriction of a common-law cause of action, and, therefore, necessarily fails the first prong of the open courts test. *See Castillo v. Hidalgo County Water Dist. 1,* 771 S.W.2d 633, 636 (Tex.App. – Corpus Christi 1989, no writ) (wrongful death action did not exist at common law, and it is only by virtue of statutory authority that such suits can be maintained; therefore, "open courts" provision simply does not apply).

787 S.W.2d at 357. *Moreno* continues to be the law in Texas. *See, e.g., Parvin v. Dean,* 7 S.W.3d 264, 276–78 (Tex.Ct.App.1999); *Andress v. MacGregor Medical Association, P.A.,* 5 S.W.3d 855, 858–59 (Tex.Ct.App. 1999); *Diaz v. Westphal,* 941 S.W.2d 96 (Tex. 1997); and *Baptist Memorial Hospital System v. Arredondo,* 922 S.W.2d 120, 121–22 (Tex.1996). The *Moreno* court also held, as we did in *Corkill,* 955 P.2d at 443, that the discovery rule does not apply to the wrongful death law. *Moreno,* 787 S.W.2d at 353 ("The overwhelming majority of states construing absolute statutes with similar or identical language to that found in [the Texas wrongful death statute] have held that the discovery rule does not apply"); *see also Lujan v. Regents of University of California,* 69 F.3d 1511, 1516–21 (10th Cir.1995) (applying New Mexico law) ("There was no right to sue for wrongful death at common law. A wrongful death statute creates and defines the right of action. Where the statute includes a limitations provision, '[t]he time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all.'" 69 F.3d at 1517 (citations omitted)); *and see Bregant v. Fink,* 724 S.W.2d 337, 338 (Mo.Ct.App.1987) (legislature's creation of three-year statute of limitations in wrongful death statute does not violate state constitution's "open courts" provision); *Ecker v. Town of West Hartford,* 205 Conn. 219, 530 A.2d 1056, 1062–64 (1987)

(legislature's creation of three-year statute of repose in wrongful death statute does not violate state constitution's "open courts" provision).

It has already been determined that we have no historical record from which we can determine the original understanding of the drafters and ratifiers of the "open courts" provision of the Wyoming Constitution. *Mills,* 837 P.2d at 68–69 (Golden, J., dissenting, with Thomas, J., joining). It has been helpful to us to have the interpretations given the "open courts" language by the Texas decisions and the other decisions we have mentioned above. Like Texas and those other states, in Wyoming "[t]he right to sue for wrongful death is created purely by statute. The two year limitation upon the bringing of an action for wrongful death is an integral part of the statute itself, creating a condition precedent to the bringing of the action." *Corkill,* 955 P.2d at 442. Robinson has given us no authority, and our own research has not revealed any, which would contradict the interpretation of the "open courts" language we have found in the authority we have considered. Given the strong presumption of constitutionality that a statute enjoys and the persuasive authority we have considered, we hold that the two-year condition precedent of our wrongful death statute does not violate Article 1, Section 8 of the Wyoming Constitution.

## C. Wrongful Death Versus Survival Action

Robinson queries whether the two-year condition precedent for wrongful death actions or the four-year limitation for survival actions applies in this situation. The survival statute provides:

§ 1–4–101. **Causes of action that survive.**

In addition to the causes of action which survive at common law, causes of action for mesne profits, injuries to the person, an injury to real or personal estate, or any deceit or fraud also survive. An action may be brought notwithstanding the death of the person entitled or liable to the same, but in actions for personal injury damages, if the person entitled thereto dies recovery is limited to damages for wrongful death.

Section 1–4–101. The wrongful death statutes provide in pertinent part:

§ 1–38–101. **Actions for wrongful death which survive; proceedings against executor or administrator of person liable.**

Whenever the death of a person is caused by wrongful act, neglect or default such as would have entitled the party injured to maintain an action to recover damages if death had not ensued, the person who would have been liable if death had not ensued is liable in an action for damages, even though the death was caused under circumstances as amount in law to murder in the first or second degree or manslaughter. If the person liable dies, the action may be brought against the executor or administrator of his estate. If he left no estate within the state of Wyoming, the court may appoint an administrator upon application.

Section 1–38–101.

§ 1–38–102. **Action to be brought by personal representative; recovery exempt from debts; measure and element of damages; limitation period.**

. . . .

(d) Every such action shall be commenced within two (2) years after the death of the deceased person.

Section 1–38–102(d).

Robinson claims that, under Wyoming law, her suit can proceed under the survival statute and that her suit was filed within the statute's limitation as extended by the discovery rule. She maintains that, under this Court's decision in *Parsons v. Roussalis,* 488 P.2d 1050, 1052 (Wyo.1971), her case can be brought under either the wrongful death statutes or the survival statute but that the damages recoverable are limited to those which are allowed under the wrongful death statutes. The appellees cite *DeHerrera v. Herrera,* 565 P.2d 479 (Wyo.1977), for their argument that a personal injury which subsequently results in death can be maintained only as a wrongful death action and that, under the wrongful death statutes, Robin-

son's claim is barred by the two-year condition precedent.

We acknowledge that our decision in *Parsons* states:

> Where a decedent's death is due to wrongful injuries, suit is permitted under either § 1–28 [now § 1–4–101] or §§ 1–1065 and 1–1066 [now §§ 1–38–101 and 1–38–102]; but recovery is limited to that stemming from wrongful death—pain and suffering of the decedent, according to the words of the statute, having no part in establishing damages.

488 P.2d at 1052. We subsequently interpreted the survival statute, however, in *De-Herrera*, 565 P.2d at 481–82. Relying on a Kansas case, even though it had been subsequently reversed, we held that, when a person dies as a result of injuries inflicted by another, the cause of action is limited to one for wrongful death:

> However, in *Prowant v. Kings–X, Inc.*, 1959, 184 Kan. 413, 337 P.2d 1021, the court held that where a person is injured by another, if he dies from other causes, an action for personal injury survives but if death results from the same injuries, the action may not be maintained by the personal representative for the estate but may be brought under its wrongful death act for the next of kin. Thus, was reached the same result we visualize exists in Wyoming by virtue of § 1–28 [now § 1–4–101], as interpreted by *Parsons*, [488 P.2d 1050 (Wyo.1971),] along with our own holding here. The personal injury survival statute in Kansas had no such proviso as in § 1–28 [now § 1–4–101] but the court, by judicial interpretation, construed its wrongful death act to be the exclusive remedy if death ensued as a result of the negligence and the survival statute to apply if there was no death caused by the other. The court did there, by judicial fiat, what the Wyoming legislature has done by statute.

The Kansas court later, on rehearing, though, in *Prowant v. Kings–X, Inc.*, 1959, 185 Kan. 602, 347 P.2d 254, reversed itself and concluded that the survival statute means what it says and allows a recovery on behalf of the estate for its losses, separate and apart from the wrongful death act.

*DeHerrera*, 565 P.2d at 483.

We remain convinced that this is the correct interpretation of Wyoming's unique survival statute. Accordingly, because Robinson alleges that her husband's death resulted from injuries inflicted by the appellees, her claim is limited to a wrongful death cause of action.

Given this result, we turn our attention to the question of whether Robinson's claim was filed within the required time limitation set forth in the wrongful death statutes. This Court addressed this issue in *Corkill*, wherein we held that the two-year limitation contained within § 1–38–102(d) creates a condition precedent rather than a statute of limitation and that the statute's language does not lend itself to the application of the discovery rule. 955 P.2d at 442. In the case at bar, Robinson's husband's death occurred in November of 1987, and the two-year condition precedent began to run on that date. Robinson did not bring a claim against the appellees until ten years later; consequently, her claim is untimely. The district court, therefore, properly granted the appellees' motions to dismiss.

Affirmed.