2002 WY 175

Javier HERMOSILLO, Appellant (Petitioner),

v.

STATE of Wyoming ex rel. WYOMING WORKERS' SAFETY AND COMPEN- SATION DIVISION, Appellee (Respon- dent).

No. 01–251.

Supreme Court of Wyoming.

Dec. 6, 2002.

Donald L. Painter, Casper, Wyoming, Representing Appellant.

Hoke MacMillan, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Gerald L. Laska, Senior Assistant Attorney General; David L. Delicath, Assistant Attorney General, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN*, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1]  Appellant Javier Hermosillo was denied permanent partial disability benefits after a hearing examiner found that Hermosillo had failed to prove that he could not return to work at a comparable wage, and had actively sought work as required by Wyo. Stat. Ann. § 27-14-405(h). He appeals, contending that substantial evidence does not support these findings. Our review of the record indicates otherwise, and we affirm.

## ISSUES

[¶ 2]  Hermosillo presents this statement of the issues for our review:

1.  Whether Appellant failed to satisfy the job search requirements in Wyo. Stat. § 27-14-405(h)(iii).

2.  Whether Appellant was earning $8.00 per hour or $9.00 per hour at the time of injury.

The State phrases the issues as follows:

I.  Whether the Hearing Examiner erred in finding that Appellant failed to prove that he was, because of his compensable injury, unable to return to employment at a wage comparable to or higher than the wage he was earning at the time of his injury.

II.  Whether the Hearing Examiner erred in finding that Appellant failed to prove

* Chief Justice at time of expedited conference

that he had actively sought suitable work, considering his health, education, training and experience.

## FACTS

[¶ 3]  Hermosillo sustained a compensable back injury in 1997. The Division of Workers' Compensation (Division) paid benefits, including benefits for three surgeries, and assigned a permanent partial impairment rating of 15%. On August 5, 2000, Hermasillo applied for permanent disability benefits as permitted by Wyo. Stat. Ann. § 27-14-405. Under the statute, Hermosillo would receive the award if he could prove the injury prevented him from returning to employment at a comparable or higher wage than that being earned at the time of injury, and he had actively sought suitable work, considering his health, education, training and experience.

[¶ 4]  Hermosillo underwent a vocational evaluation. Using $8.00 per hour as the wage he was earning at the time of injury, the evaluator concluded that Hermosillo could return to work at a comparable or higher wage. The Division denied the award application, and a contested case hearing was held. Hermosillo testified that he was paid an additional $1.00 per hour for opening the business and was, therefore, earning $9.00 per hour at the time of injury, and at this higher rate, the Division had erred in finding work available at a comparable rate.

[¶ 5]  Although Hermosillo's physician placed restrictions and limitations on lifting, Hermosillo was released to work, and applied for positions in 1999 and March of 2000. The hearing examiner found that Hermosillo did not seek employment after receiving a functional capacity assessment in September of 2000, or after being released for work by his physician. The hearing examiner found that Hermosillo had relied on the Department of Vocational Rehabilitation to find employment and did not take any other steps to find employment. Based on these findings, the hearing examiner concluded that Hermosillo had failed to prove that he actively sought employment and upheld the Division's denial

of benefits. The decision was affirmed by the district court. This appeal followed.

## DISCUSSION

### Standard of Review

[¶ 6] A claimant for worker's compensation benefits has the burden of proving all the essential elements of the claim by a preponderance of the evidence in the contested case hearing. *In Re Worker's Comp. Claim of Johnson*, 2001 WY 48, ¶ 7, 23 P.3d 32, ¶ 7 (Wyo.2001). We recently held that the substantial evidence test is the appropriate standard of review in appeals from Wyoming Administrative Procedures Act contested case proceedings when factual findings are involved and both parties submit evidence. *Newman v. Wyoming Workers' Safety and Comp. Div.*, 2002 WY 91, ¶ 22, 49 P.3d 163, ¶ 22 (Wyo.2002). We further held that when only the party with the burden of proof submits evidence in the contested case proceeding and that party does not ultimately prevail, the arbitrary or capricious standard governs the judicial review of that agency decision. *Id.* Even if the factual findings are found to be supported by substantial evidence, the ultimate agency decision may be found to be arbitrary or capricious for other reasons. *Id.* at ¶ 23. We do not examine the record only to determine if there is substantial evidence to support the board's decision, but we must also examine the conflicting evidence to determine if the hearing examiner could have reasonably made its finding and order upon all of the evidence before it. *Id.* at ¶ 24, ¶ 25. Because both parties presented cases-in-chief, we apply the substantial evidence standard. We afford respect and deference to a hearing examiner's findings of fact if they are supported by substantial evidence. *Haagensen v. State ex rel. Workers' Comp. Div.*, 949 P.2d 865, 867 (Wyo.1997). Our task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings. *State ex rel. Wyo. Workers' Comp. Div. v. Waggener*, 946 P.2d 808, 814 (Wyo. 1997). We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision. *Id.* Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. *Id.* A hearing examiner's conclusions of law are afforded no special deference and will be affirmed only if truly in accord with law. *State ex rel. Wyo. Workers' Comp. Div. v. Barker*, 978 P.2d 1156, 1159 (Wyo.1999).

### Statutory Eligibility

[¶ 7] In his first challenge, Hermosillo disputes the hearing examiner's finding that his hourly rate at the time of injury was $8.00 per hour and contends that no work is available at a comparable wage. When Hermosillo was injured in 1997, his injury report stated his hourly income as $8.00 per hour, and during the hearing he testified that it was $9.00 per hour. His permanent disability award application contained two entries, one of which stated that his hourly wage at the time of injury was $9.50 per hour, and another that stated it was $9.00 per hour. The Division contends that because Hermosillo failed to support the higher rate with pay stubs or written evidence, the hearing examiner reasonably relied upon the wage stated on the injury report. We agree that this was a reasonable resolution of the conflicting statements, that substantial evidence supports this wage rate, and the vocational evaluation identified available positions at a comparable wage.

[¶ 8] Hermosillo next contends that he could rely upon the Department of Vocational Rehabilitation to find employment, and the hearing examiner arbitrarily determined that his efforts were insufficient under the statute. The Division contends that its rules establish that Hermosillo's efforts were insufficient, and the hearing examiner properly concluded that he had not actively sought employment. Hermosillo does not challenge the rule's application, and we assume it applies. The rule states:

> (x) *Actively Seeking Work.* For purposes of benefit eligibility an individual is actively seeking work if they:
>
> (i) Have engaged in a systematic and sustained effort to obtain work;

(ii) Registers for work and continues to report to a department office in effort to obtain suitable employment;

(iii) Are available for suitable employment;

(iv) Furnished the department with tangible evidence of their effort; or

(v) Have contacted their employer from the time of injury to inquire if they have work available within their medically documented restrictions.

Wyo. Workers' Compensation Division Rules, Regulations & Fee Schedules, Ch. 1, Sec. 4(x) (Oct.1999).

[¶ 9]  The State tells us that the rule has since been changed from "or" to "and" between elements number four and five, and requests that we correct this previous version. Again, Hermosillo presents no objection to this; however, we find it unnecessary to determine the rule's intent. Under the statute, the hearing examiner was required to consider whether the evidence showed that Hermosillo was "actively" seeking employment. A review of the record shows that Hermosillo testified that, since 1999, he had applied at ten different companies, but, in his opinion, had not been hired either because of his health or his limited ability to speak English. Hermosillo did not testify about the specific dates of his applications or provide further details about his job search efforts. Before he applied for benefits, he registered with the Department of Vocational Rehabilitation and, at the time of hearing, was about to begin a part-time position for a few hours per week. In contrast, the Division presented testimony by the vocational evaluator that, in 2000 and 2001, work was available for which Hermosillo was qualified and would accommodate the lifting restrictions imposed by his physician. The evaluator testified that work at a comparable or higher wage was available for Hermosillo despite a language barrier and lifting restrictions. This evidence of sporadic efforts is substantial evidence supporting the hearing examiner's conclusion that Hermosillo did not present evidence that he had engaged in any kind of a sustained effort to apply or train for work when he applied for benefits. Although the evidence somewhat conflicts, a review of the entire record shows that the hearing examiner's conclusion that Hermosillo had not actively looked for work as required by the statute was reasonable and not arbitrary and capricious.

[¶ 10]  Affirmed.