2004 WY 34

**In the Matter of the Worker's Compensation Claim of April D. LUDWIG, Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., Wyoming WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).**

No. 03–113.

Supreme Court of Wyoming.

March 30, 2004.

Representing Appellant: Lynn Boak, Cheyenne, WY. Argument by Ms. Boak.

Representing Appellee: Patrick J. Crank, Attorney General; Steven R. Czoschke, Assistant Attorney General; and William M. MacPherson, Special Assistant Attorney General. Argument by Mr. MacPherson.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

LEHMAN, Justice.

[¶ 1]   This is an appeal from a determination of the State of Wyoming, Office of Administrative Hearings (OAH), denying the permanent partial disability claim of appellant April D. Ludwig.  We affirm.

## ISSUES

[¶ 2]   Ludwig sets forth the following issues:

1.   Where the evidence presented at hearing was limited by agreement of the parties to a single issue, can the [OAH] base [its] decision to deny permanent partial disability benefits on a different issue?

2.   If the issue is the adequacy of the claimant's job search, as framed by the pleadings, are the [State's] rules concerning compliance with [Wyo. Stat. § 27–14–405(h) ] an attempt to legislate or amend or, alternatively, construe the statute?

3.   If the [OAH] improperly applied W.S. 27–14–405(h) to deny permanent partial disability benefits to the claimant, is there otherwise substantial evidence in the record to conclude the claimant was not entitled to these benefits?

## FACTS

[¶ 3] Ludwig injured her back while at work in October of 1999 and received an impairment rating in October of 2000. She later was given a permanent partial impairment rating in October of 2001. Ludwig applied for six jobs in 2000, two jobs in 2001, and six jobs in 2002. Ludwig conducted her search for the six jobs in 2002 during the eight days just prior to making application for permanent partial disability. Ludwig's application was denied by appellee State of Wyoming, ex rel. Wyoming Workers' Safety and Compensation Division (State) on March 14, 2002, on the basis that she was not actively seeking work.

[¶ 4] Ludwig appealed this determination to the OAH. After hearing, the OAH upheld the State's determination. On review, the district court upheld the decision of the OAH. This appeal followed.

## STANDARD OF REVIEW

[¶ 5] The parameters for judicial review of an agency action are found in Wyo. Stat. Ann. § 16-3-114.[1] *Serda v. State ex rel. Workers' Safety and Compensation Div.*, 2002 WY 38, ¶ 18, 42 P.3d 466, ¶ 18 (Wyo. 2002). Our standard of review when reviewing administrative agency action was clarified and refined in the case of *Newman v. State ex rel. Workers' Safety and Compensation Div.*, 2002 WY 91, 49 P.3d 163 (Wyo.2002). That case held that "the substantial evidence test is the appropriate standard of review ... when factual findings are involved and both parties submit evidence." *Newman*, at ¶ 22.

[¶ 6] In appeals where both parties submitted evidence at the hearing below and the dispute is over the soundness of the factual findings of the agency, *Newman* mandates the appellate review be limited to application of the substantial evidence test. *Id.* This is true regardless of which party appeals from the agency decision. The substantial evidence test provides:

> In reviewing findings of fact, we examine the entire record to determine whether there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. It is more than a scintilla of evidence.

*Newman*, at ¶ 12 (quoting *State ex rel. Workers' Safety and Compensation Div. v. Jensen*, 2001 WY 51, ¶ 10, 24 P.3d 1133, ¶ 10 (Wyo.2001)). This court is required to review the entire record in making its ultimate determination on appeal. *Newman*, at ¶¶ 19 and 24–26.

[¶ 7] In *State ex rel. Workers' Safety and Compensation Div. v. Garl*, 2001 WY 59, ¶ 9, 26 P.3d 1029, ¶ 9 (Wyo.2001), we acknowledged that:

> The interpretation and correct application of the provisions of the Wyoming Worker's Compensation Act are questions of law over which our review authority is plenary. *Collicott [v. State ex rel. Workers' Safety and Compensation Div.*, 2001 WY 35], at ¶ 4[, 20 P.3d 1077, ¶ 4 (Wyo. 2001) ]. Conclusions of law made by an

---

1. Wyo. Stat. § 16-3-114(c) (LexisNexis 2003):

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
(B) Contrary to constitutional right, power, privilege or immunity;
(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
(D) Without observance of procedure required by law; or
(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

administrative agency are affirmed only if they are in accord with the law. *Id.* We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law. *Id.*

*In accord see Vaughan v. State ex rel. Workers' Compensation Div.*, 2002 WY 131, ¶ 6, 53 P.3d 559, ¶ 6 (Wyo.2002).

## DISCUSSION

### Sufficiency of Evidence

[¶ 8] In the primary issue on appeal, Ludwig claims that insufficient evidence exists to conclude that she was not entitled to permanent partial disability benefits. The State argues that the OAH correctly found that Ludwig had failed to meet her burden of proof that she had actively sought suitable work.

[¶ 9] Wyo. Stat. Ann. § 27–14–405 (Lexis 1999), in applicable part, provides:

(h) An injured employee awarded permanent partial impairment benefits may apply for a permanent disability award subject to the following terms and conditions:

. . .

(iii) The employee has actively sought suitable work, considering the employee's health, education, training and experience.

A claimant for workers' compensation benefits has the burden of proving all the essential elements of the claim by a preponderance of the evidence in the contested case hearing. *Hermosillo v. State ex rel. Workers' Safety and Compensation Div.*, 2002 WY 175, ¶ 6, 58 P.3d 924, ¶ 6 (Wyo.2002); *Johnson v. State ex rel. Workers' Safety and Compensation Div.*, 2001 WY 48, ¶ 7, 23 P.3d 32, ¶ 7 (Wyo.2001).

[¶ 10] A vocational evaluation, dated February 19, 2002, stated that Ludwig was not currently looking for work. Although Ludwig noted several things that she disagreed with in the vocational evaluation, she did not disagree with this statement. Moreover, Ludwig personally completed the job search record which reveals that Ludwig applied for six jobs in 2000, two jobs in 2001, and six jobs in 2002, with Ludwig conducting her 2002 job search during the eight days prior to her making application for permanent partial disability benefits. Ludwig admitted that the job search record represented a full, complete, and accurate list of all jobs for which she had applied since she was injured in October of 1999.

[¶ 11] Further review of the circumstances surrounding the job search record identified that, while Ludwig had contacted six employers in October of 2000, she only submitted four actual employment applications. Ludwig also contacted two employers in 2001 but submitted no actual employment applications. Likewise, just days before submitting her application for permanent partial disability, Ludwig contacted six other employers, yet did not submit a single employment application. In addition, Ludwig testified that to the best of her knowledge she had signed up with the local job service. She did not contact them, however, on a regular basis.

[¶ 12] The evidence further established that Ludwig was released to return to light to medium type work. Potential alternative occupation positions, which accurately took into account Ludwig's limitations, were identified. The labor market survey listed several jobs within Ludwig's limitations, experience, and training that were available within the entire state, including Rock Springs where Ludwig lived.

[¶ 13] In *Hermosillo*, at ¶ 9, a similar case, this court upheld a denial of permanent partial disability benefits based upon the claimant's failure to actively seek employment. Therein we stated:

Under the statute [Wyo. Stat. Ann. § 27–14–405], the hearing examiner was required to consider whether the evidence showed that Hermosillo was "actively" seeking employment. A review of the record shows that Hermosillo testified that, since 1999, he had applied at ten different companies, but, in his opinion, had not been hired either because of his health or his limited ability to speak English. Hermosillo did not testify about the specific dates of his applications or provide further details about his job search efforts. Be-

fore he applied for benefits, he registered with the Department of Vocational Rehabilitation and, at the time of hearing, was about to begin a part-time position for a few hours per week. In contrast, the Division presented testimony by the vocational evaluator that, in 2000 and 2001, work was available for which Hermosillo was qualified and would accommodate the lifting restrictions imposed by his physician. The evaluator testified that work at a comparable or higher wage was available for Hermosillo despite a language barrier and lifting restrictions. This evidence of sporadic efforts is substantial evidence supporting the hearing examiner's conclusion that Hermosillo did not present evidence that he had engaged in any kind of a sustained effort to apply or train for work when he applied for benefits. Although the evidence somewhat conflicts, a review of the entire record shows that the hearing examiner's conclusion that Hermosillo had not actively looked for work as required by the statute was reasonable and not arbitrary and capricious.

[¶ 14] Upon review of the record, we hold, as in *Hermosillo*, the conclusion reached by the OAH that Ludwig failed to prove she had actively sought employment is supported by substantial evidence. This determination was sufficiently based upon exhibits and testimony presented by both parties, including the testimony of Ludwig herself.

### Application of Agency Rules

[¶ 15] Ludwig also asserts that even insofar as the OAH ruled that she had not sought work as required by § 27–14–405(h), the OAH improperly used the State's rules in reaching that determination. The State counters that Ludwig failed to bring that issue before the OAH; hence, the issue is not properly before this court and should not be considered. Alternatively, the State contends that the OAH did not rely on the State's rules concerning "actively seeking employment" in making its decision.

[¶ 16] This court has consistently held that it "will not consider issues which are raised for the first time on appeal unless they are jurisdictional issues or issues of such a fundamental nature that they must be considered." *Joyner v. State*, 2002 WY 174, ¶ 13, 58 P.3d 331, ¶ 13 (Wyo.2002); *Robinson v. Pacificorp*, 10 P.3d 1133, 1136 (Wyo.2000); *WW Enterprises, Inc. v. City of Cheyenne*, 956 P.2d 353, 356 (Wyo.1998). Nevertheless, even summary review of this issue discloses the OAH's ruling is supported through application of the language within § 27–14–405(h).

[¶ 17] In *Hermosillo*, the State argued that ch. 1, § 4 of its rules established that Hermosillo's efforts to seek employment were insufficient. This court noted that because Hermosillo did not challenge the applicability of the rule, this court would assume that it applied. We further found "it unnecessary to determine the rule's intent. Under the statute, the hearing examiner was required to consider whether the evidence showed that Hermosillo was 'actively' seeking employment." *Hermosillo*, at ¶ 9.

### Due Process

[¶ 18] Ludwig lastly contends that the OAH improperly concluded that her real problem in seeking work was her degenerative back disease which was unrelated to her work injury when denying her application for permanent partial disability benefits. Ludwig claims this was error because the sole issue was whether or not she had sufficiently sought work as required under § 27–14–405(h). Therefore, Ludwig argues that she was not afforded due process because she was not given proper notice of the OAH's intent to consider other issues.

[¶ 19] Although in its decision the OAH also concluded that the evidence supported the finding that Ludwig was unable to work because of her degenerative back condition, rather than a specific work-related injury, we are satisfied that the determinative issue before the OAH was whether Ludwig actively sought suitable employment as required by § 27–14–405(h). Ludwig was given adequate notice of this determinative issue and fully litigated this issue. The OAH's decision on this issue is conclusive.

### *CONCLUSION*

[¶ 20] Upon our careful review of the record on appeal, we hold that the determination of the OAH denying Ludwig's application for permanent partial disability is affirmed.