2004 WY 50

**In the Matter of the Worker's Compensation Claim of Gilbert A. ABEYTA, an Employee of Don Kehn Construction, Appellant (Claimant),**

v.

**STATE of Wyoming ex rel. WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).**

No. 03–175.

Supreme Court of Wyoming.

May 5, 2004.

Representing Appellant: Bert T. Ahlstrom, Jr., Cheyenne, Wyoming.

Representing Appellee: Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; and Kristi M. Radosevich, Assistant Attorney General.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] After a work related injury, Gilbert A. Abeyta (Abeyta) applied for and received permanent partial disability benefits under the Wyoming Worker's Compensation Act, Wyo. Stat. Ann. § 27–14–101, et seq. Mr. Abeyta then applied for a permanent partial disability award based on loss of earning capacity. The Wyoming Worker's Compensation Division (Division) denied Mr. Abeyta's claim, finding he failed to prove he "actively sought suitable work" within the meaning of Wyo. Stat. Ann. § 27–14–405(h)(iii) (LexisNexis 2003). Mr. Abeyta objected, a hearing was held and the hearing examiner denied benefits on the same ground. Mr. Abeyta appealed to the district court, which affirmed the denial of benefits. In his appeal to this Court, we also affirm.

## ISSUES

[¶ 2] Mr. Abeyta presents the following issue:

Whether the order of the hearing examiner denying permanent partial disability benefits to appellant upon the ground that he failed to comply with the work search requirements of the law, constituted an abuse of discretion, and/or was arbitrary or capricious, under the facts and circumstances of this case.

[¶ 3] The Division re-states the issue as follows:

Whether the Hearing Examiner's finding that Appellant failed to prove he actively sought suitable work, considering his health, education, training and experience as required by W.S. § 27–14–405(h)(iii) was supported by substantial evidence.

## FACTS

[¶ 4] On May 7, 2001, Mr. Abeyta fell at work and injured his left wrist. He filed a report of injury with the Division and received temporary total disability benefits. He then applied for permanent partial disability benefits, received a nine percent whole body impairment rating by the evalu-

ating physician and was awarded permanent partial impairment benefits. On April 26, 2002, Mr. Abeyta applied for a permanent partial disability award based upon a loss of earning capacity. Several weeks later, he submitted a work search record showing that between May 6 and 10, 2002, he contacted three employers to inquire about work but did not submit applications. Based upon the work search record, the Division concluded Mr. Abeyta was not actively seeking work as required and was not eligible for a permanent partial disability award. The Division issued a final determination denying Mr. Abeyta's application. Mr. Abeyta objected to the determination and a contested case hearing was held.

[¶ 5] At the time of the hearing, Mr. Abeyta was 58 years old, had worked as a concrete finisher for 40 years and had an 8th grade education. He claimed at the hearing that he did everything he was told to do in carrying out his job search and, given his limited education and lack of experience with the worker's compensation system, he should not be penalized if his efforts fell short of what was required. The hearing examiner concluded:

[Mr.] Abeyta's testimony that he did not understand what was required of him in terms of a work search lacked credibility. [Mr.] Abeyta has not proven, by a preponderance of the evidence, that he engaged in a systematic and sustained effort to obtain work.

The hearing examiner upheld the denial of Mr. Abeyta's claim for a permanent partial disability award.

## STANDARD OF REVIEW

 [T]he substantial evidence test is the appropriate standard of review in appeals from Wyoming Administrative Procedures Act contested case proceedings when factual findings are involved and both parties submit evidence.... We afford respect and deference to a hearing examiner's findings of fact if they are supported by substantial evidence. Our task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings.

We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. A hearing examiner's conclusions of law are afforded no special deference and will be affirmed only if truly in accord with law.

*Salas v. General Chemical,* 2003 WY 79, ¶ 9, 71 P.3d 708, ¶ 9 (Wyo.2003) (citations omitted). Appeals from contested case hearings presenting questions of law are reviewed *de novo. Bruns v. TW Services, Inc.,* 2001 WY 127, ¶ 14, 36 P.3d 608, ¶ 14 (Wyo.2001). A claimant for worker's compensation benefits has the burden of proving all the essential elements of the claim by a preponderance of the evidence in the contested case hearing. *Salas,* ¶ 9.

Even when the factual findings are found to be sufficient under the substantial evidence test, ... this court may be required to apply the arbitrary and capricious standard as a "safety net" to catch other agency action which prejudiced a party's substantial right to the administrative proceeding or which might be contrary to the other WAPA review standards.

*State ex rel. Department of Transportation v. Legarda,* 2003 WY 130, ¶ 10, 77 P.3d 708, ¶ 10 (Wyo.2003) citing *Bryant v. State ex rel. Department of Transportation,* 2002 WY 140, ¶¶ 9–11, 55 P.3d 4, ¶¶ 9–11 (Wyo.2002) (citations omitted.)

## DISCUSSION

[¶ 6] Mr. Abeyta sought a permanent partial disability award pursuant to Wyo. Stat. Ann. § 27–14–405(h) (LEXIS 2000), which provided as follows:

(h) An injured employee awarded permanent partial impairment benefits may apply for a permanent disability award subject to the following terms and conditions:

(i) The injured employee is because of the injury, unable to return to employment at a wage that is at least ninety-five percent (95%) of the monthly gross earnings the employee was earning at the time of injury;

(ii) An application for permanent partial disability is filed not before three (3) months after the date of ascertainable loss or three (3) months before the last scheduled impairment payment, whichever occurs later, but in no event later than one (1) year following the later date; and

(iii) The employee has actively sought suitable work, considering the employee's health, education, training and experience.

Mr. Abeyta claims his caseworker gave him no guidance and so he was not clear what was expected of him in terms of the subsection (h)(iii) requirement that he actively seek suitable work in light of his health, education, training and experience. He claims he "was left to flounder about and make his best guess as to what was expected of him." He claims he was not advised of the definition of "actively seeking work" contained in the applicable rule, which stated:

(x) *Actively Seeking Work.* For purposes of benefit eligibility, an individual is actively seeking work if they:

(i) Have engaged in a systematic and sustained effort to obtain work;

(ii) Registers for work and continues to report to a department office in effort to obtain suitable employment;

(iii) Are available for suitable employment;

(iv) Furnishes the department with tangible evidence of their effort; or

(v) Have contacted their employer from the time of injury to inquire if they have work available within their medically documented restrictions.

Wyoming Workers' Safety and Compensation Rules, Regulations and Fee Schedules, Ch. 1, Sec. 4(x) (September 1999).

[¶ 7] As support for his claims, Mr. Abeyta cites *Johnson v. State ex rel. Wyo. Workers' Safety and Compensation Division,* 2001 WY 48, 23 P.3d 32 (Wyo.2001) in which this Court held that a severely injured worker who did not look for work post-injury met his burden of proving that he actively sought suitable work "considering the employee's health" by presenting his treating physician's opinion that any regular job likely would have worsened his condition. Mr. Abeyta

argues the holding in *Johnson* should be extended to the other factors listed in § 27–14–405(h)(iii), such that the hearing examiner properly should have held that he met his burden of proving he actively sought suitable work considering his "education, training and experience" by demonstrating he contacted three potential employers over the course of five days after applying for a permanent partial disability award.

[¶ 8] The Division asserts Mr. Abeyta did not meet his burden of proof under § 27–14–405(h)(iii) and the hearing examiner's order denying benefits should be affirmed. The Division argues that *Johnson* is not applicable because it involved an employee whose injuries were so severe that *any* kind of work would have aggravated his condition. The Division contends this Court's decision merely harmonized § 27–14–405(h)(iii)'s work search requirement with § 27–14–407, which prohibits an injured worker from pursuing activities in disregard of his injuries. The Division argues *Johnson* also is distinguishable because this Court held only that the statement from Mr. Johnson's treating physician was sufficient to carry his burden, and the burden then shifted to the Division to show he did not actively seek work considering his health. The Division contends Mr. Abeyta, in contrast to the employee in *Johnson*, did not carry his burden because he presented no evidence other than his own testimony that he lacked the education, background and experience to understand what was expected of him in seeking alternative work, which testimony the hearing examiner found lacked credibility.

[¶ 9] We agree with the Division's analysis of *Johnson*. There, we were concerned with a severely debilitated worker whose treating physician advised against work of any kind lest his already diminished physical state be further diminished. Under those particular facts, we held the worker met his burden by submitting the written statement of his physician. Pointing to the language of § 27–14–405(h)(iii) qualifying the requirement that the employee "actively sought suitable work" with the language "considering the employee's health", we held that Mr. Johnson met his burden. We held the bur-

den then shifted to the Division to demonstrate that Mr. Johnson did not actively pursue employment considering his health, which it failed to do by submitting a second medical report tending to support the treating physician's conclusion that return to the regular workforce would be detrimental to his health.

[¶ 10] The situation before us in Mr. Abeyta's case is significantly different. Nothing in the qualifying language of § 27–14–405(h)(iii) suggests that an injured worker's lack of education or unfamiliarity with the worker's compensation system excuses him from actively seeking suitable work. Rather, the qualifying words "considering the employee's health, education, training and experience" are factors to be taken into account in deciding whether a worker has made a real effort to find work for which he is qualified. In *Johnson*, the worker presented evidence that, considering his health, there was no suitable work for him. Mr. Abeyta made no similar showing that, considering his education, training and experience, there was no suitable work for him. Rather, Mr. Abeyta sought to meet his burden by showing that he did not know, and no one from the Division told him, what was expected of him in seeking suitable work.

[¶ 11] There is no magic formula for what constitutes "actively seeking suitable work" and no particular level of education, training or experience is required to decipher the phrase. One is either actively looking for work, or one is not. Moreover, the application for a permanent partial disability award filled out and submitted by Mr. Abeyta indicates what was expected in terms of a job search. The application sought information from him concerning his work search, including whether he was registered with job service, the names of any other employment agencies through which he was seeking work, whether he was involved in any vocational or retraining programs, an explanation of any other methods he was using to find work and completion of a work search form to allow the Division to verify that he was actively seeking work. In explaining what other methods he was using to find work, Mr. Abeyta wrote: "I can not return to work due

to problems with left hand and wrist." The work search record submitted by Mr. Abeyta showed he inquired about three jobs between May 6 and 10, 2002, but did not submit applications for any of them. On the basis of this evidence, and its conclusion that Mr. Abeyta's testimony was not credible, the hearing examiner reasonably concluded Mr. Abeyta did not meet his burden of proving that he actively sought suitable work, considering his health, training and experience.

[¶ 12] Mr. Abeyta's case is more akin to two other more recent Wyoming cases than it is to *Johnson*. In *Hermosillo v. State ex rel. Workers' Safety and Compensation*, 2002 WY 175, 58 P.3d 924 (Wyo.2002), the hearing examiner concluded that Mr. Hermosillo relied on the department of vocational rehabilitation to find employment and took no other steps to find alternative work. Mr. Hermosillo presented evidence showing that he applied at ten different companies beginning in 1999 (no dates or further details were presented) and in 2000, before applying for a permanent partial award, he registered with the department of vocational rehabilitation. The Division presented evidence through a vocational evaluator that work was available in 2000 and 2001 for which Mr. Hermosillo was qualified with his restrictions. We said:

> This evidence of sporadic efforts is substantial evidence supporting the hearing examiner's conclusion that Hermosillo did not present evidence that he had engaged in any kind of a sustained effort to apply or train for work when he applied for benefits. Although the evidence somewhat conflicts, a review of the entire record shows that the hearing examiner's conclusion that Hermosillo had not actively looked for work as required by the statute was reasonable. . . .

*Id.,* ¶ 9.

[¶ 13] More recently, in *Ludwig v. State ex rel. Wyoming Workers' Safety and Compensation*, 2004 WY 34, 86 P.3d 875 (Wyo.

2004), we again considered the question of whether an employee actively sought suitable work within the meaning of § 27–14–405(h)(iii) so as to qualify for permanent partial disability benefits. After sustaining a work injury in 1999 and receiving an impairment rating in 2000, Ms. Ludwig applied for a permanent partial disability award. The evidence showed that she contacted six potential employers in 2000, but only submitted four applications, contacted two employers in 2001, but submitted no applications, and contacted six employers in 2002 just days before applying for permanent partial disability, but again submitted no actual job applications. Ms. Ludwig also testified that to the best of her knowledge she signed up with job service but did not contact them on a regular basis. Evidence was also presented that potential alternative positions were available that took into account Ms. Ludwig's limitations. We held the hearing examiner's conclusion that Ms. Ludwig failed to prove that she actively sought suitable employment was supported by substantial evidence.

[¶ 14] These cases and the evidence presented by Mr. Abeyta fully support the hearing examiner's conclusion that Mr. Abeyta failed to meet his burden of proving that he actively sought suitable work, considering his health, education, training and experience. We are further persuaded of the correctness of the hearing examiner's conclusion by the fact that he had the opportunity to hear Mr. Abeyta's testimony and weigh his credibility. According due consideration to the principle that we will not substitute our judgment for that of the hearing examiner's when substantial evidence supports his decision, we affirm.