Sally W. SHAW, Appellant
(Defendant below),

v.

Bernace L. SHAW, Appellee
(Plaintiff below).

No. 4525.

Supreme Court of Wyoming.

Jan. 22, 1976.

Dennis M. Grant, Osborn & Grant, Cheyenne, for appellant.

Walter C. Urbigkit, Jr., Urbigkit, Mai, Halle, Mackey & Whitehead, and Sharon

A. Lyman, Law Student Intern, Cheyenne, for appellee.

Before GUTHRIE, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and ARMSTRONG, District Judge, Retired.

GUTHRIE, Chief Justice.

Appellant in this case, Sally W. Shaw, attacks the validity of a divorce decree wherein appellee Bernace L. Shaw was granted a decree of divorce from her. The sole basis of this attack is that appellee was not such a resident of Wyoming that the court had jurisdiction to enter such decree at the time of the trial. This case was tried as a contested matter on November 13, 1974, and judgment was entered on November 14, 1974. Thereafter, on November 25, appellant filed a motion for new trial, relying upon Rule 59(a)(7), W.R.C.P., alleging newly discovered evidence relative to plaintiff's residence which affected the court's jurisdiction at the time of the trial, and further alleging she could not with reasonable diligence have discovered and produced such evidence at the trial. After the hearing thereon on December 17, 1974, the trial court denied this motion. Appellant relied, for her showing to sustain such motion, upon the cross-examination of appellee at the hearing and by reference to a deposition taken November 22, 1974, in another matter which was pending in the State of Louisiana.

Appellant in her brief concedes there was conflicting testimony at the trial as to the intent and plans of the parties to move to Wyoming. Under ordinary circumstances this would foreclose our examination of the record because we will not interfere with the trial court's finding upon a conflict of the evidence, *Rocky Mountain Packing Co. v. Branney*, Wyo., 393 P.2d 131, 134, and the cases collected under 1 Wyoming Digest, Appeal and Error,

Appellant's brief asserts there was no stated finding as to the court's jurisdiction or appellee's residency. This has no significance because the general finding of the court carried with it all findings necessary to support the judgment if supported by substantial evidence, *Colwell v. Anderson*, Wyo., 438 P.2d 448, 452, and cases cited therein. This is particularly true when, as in this case, the residence of appellee was directly pleaded.

However, because this does involve a claim of lack of jurisdiction, the court has an obligation to examine the record to determine if such jurisdiction exists, *Pritchard v. State Division of Vocational Rehabilitation, Department of Health and Social Services*, Wyo., 540 P.2d 523, 524; *Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Niezwaag*, Wyo., 444 P.2d 327, 328; *Gardner v. Walker*, Wyo., 373 P.2d 598, 599. Our examination of the record, however, does reveal sufficient credible evidence upon which the trial court could have based this finding and undoubtedly did. The record of the original trial did show the appellee to be a resident under the standards of *Clauss v. Clauss*, Wyo., 459 P.2d 369, 371, and *Duxstad v. Duxstad*, 17 Wyo. 411, 100 P. 112; and particularly when we have earlier recognized in *Piner v. Piner*, Wyo., 511 P.2d 94, 95, and *Dawson v. Dawson*, 62 Wyo. 519, 177 P.2d 200, 203, that the determination of the facts in a divorce action is ordinarily left to the trial court. This rule is particularly appropriate in this case because of the ephemeral nature of the intention, which rests alone in the mind of a party, and the trial court's opportunity for observation of the demeanor and manner of the witness can be important. A detailed discussion of that evidence would serve no particular purpose, particularly in light of appellant's suggestion of a conflict in such testimony. It would appear, therefore, that at the time of the entry of this judgment, insofar as the claim of lack of

jurisdiction is asserted, there would be no basis for reversal.

This brings us to the sole basis upon which appellant may rest her contention that there was such error that requires reversal, and that is whether the trial court in its denial of the motion for new trial abused its discretion, *John B. Roden, Jr., Inc. v. Davis,* Wyo., 460 P.2d 209, 216; *Opie v. State,* Wyo., 422 P.2d 84, 85. After an examination of the record, our answer must be in the negative. It is basic to our judicial system and most important that judgments have some finality. The rule upon which appellant bases her claim to a right for new trial certainly recognizes this because of the due diligence test.

 We are given no explanation why the deposition taken on November 22, nine days after the trial of this case on its merits, could not have been taken on or before November 4, which would have been nine days preceding the trial, because discovery was always available to this appellant. An examination in the record of the lengthy cross-examination of appellee made during the trial reveals that although this matter of residency was a matter of some inquiry it was not made the subject of such examination in depth as appears in this later deposition, but certainly if appellant was serious at the time of the trial in asserting that the appellee had not acquired such residence, it should have been fully developed at that time. No reason is assigned for the failure to ask the same questions or pursue the same inquiry at the trial as appeared in the deposition. If this evidence was available at the time of the trial, which may be inferred herein, it cannot be the basis for the grant of a new trial as newly discovered, *Barbour v. Barbour,* Wyo., 518 P.2d 12, 15. For these reasons we would be unable to find that appellant had exercised due diligence in attempting to secure this information, or that it was such newly discovered evidence as contemplated by the rule.

 At the time of the examination, when this deposition was relied upon by appellant, counsel suggested to the court that it was to be used for impeachment to show discrepancies between the testimony at the two hearings. Evidence offered for impeachment, which is cumulative, is not newly discovered evidence justifying the granting of a new trial, *Opie v. State,* supra, 422 P.2d at 86; *John B. Roden, Jr., Inc. v. Davis,* supra. The latter case also suggests that there was an implication arising from the denial of the motion that such evidence would not have changed the result of this earlier judgment. Therefore, the court did not abuse its discretion in denying this motion for new trial.

The judgment is affirmed.