STATE of Wyoming, ex rel., WYOMING WORKER'S COMPENSATION DIVISION, and Laramie County School District Number One, Appellants (Petitioners),

v.

Robert A. ROGGENBUCK, Appellee (Respondent).

No. 96–145.

Supreme Court of Wyoming.

May 16, 1997.

William U. Hill, Attorney General, and Jennifer A. Evans, Assistant Attorney General, for State of Wyoming.

Mark R. Stewart of Hickey, Mackey, Evans, Walker & Stewart, Cheyenne, WY, for Laramie County School Dist. No. 1.

George Santini, Cheyenne, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, and LEHMAN, JJ., and HARTMAN, D.J.

LEHMAN, Justice.

Appellants Wyoming Worker's Compensation Division (Division) and Laramie County School District No. 1 (employer) appeal from an order of the Office of Administrative Hearings awarding worker's compensation benefits to Roggenbuck (claimant) for the material aggravation of a preexisting condition.

We affirm.

The Division identifies two issues:

A. Whether the Office of Administrative Hearings' order awarding benefits for the material aggravation of a preexisting condition is supported by substantial evidence.

B. Whether the Office of Administrative Hearings' findings of fact and order awarding benefits satisfies the specificity requirements of the Wyoming Administrative Procedure Act.

## FACTS

With a history of back problems, scars from two previous back surgeries, and a permanent partial disability of 60 percent, claimant alerted his employer of a work-related injury to his back incurred nine days into his new employment. The injury resulted in a third back surgery. Employer put claimant on his proof that the work-related injury materially aggravated his preexisting recurrent back problems by requesting a hearing. The Hearing Examiner found claimant had sustained his burden of proof. Following a timely Petition for Judicial Review, the district court certified the matter to this court. W.R.A.P. 12.09(b).

## STANDARD OF REVIEW

■ Our standard for reviewing findings of fact made in an administrative worker's compensation hearing is well settled.

If, after examining the entire record, we find substantial evidence to support the agency's finding, we will not substitute our own judgment for that of the agency. Instead, we will uphold the agency's finding. Substantial evidence is relevant evidence which a reasonable person might accept as supporting the agency finding. In addition, we examine only the evidence which favors the prevailing party, allowing every favorable inference, while omitting consideration of any conflicting evidence.

*Wyoming Steel & Fab, Inc. v. Robles,* 882 P.2d 873, 876 (Wyo.1994) (*quoting Sinclair Trucking v. Bailey,* 848 P.2d 1349, 1351 (Wyo.1993)) (citations omitted). While the reviewing court may not substitute its judgment for that of the agency when reviewing findings of fact, a similar precept does not apply to agency conclusions of law. An agency's conclusions of law will be affirmed only if they are in accordance with the law. *Matter of Cordova,* 882 P.2d 880, 882 (Wyo.1994); *Aanenson v. State ex rel. Worker's Compensation Div.,* 842 P.2d 1077, 1079 (Wyo.1992).

## DISCUSSION

### Substantial evidence

■ The burden is upon the claimant to prove that his work accident, not his preexisting condition, caused the necessity for the surgery. *Matter of Corman,* 909 P.2d 966, 970 (Wyo.1996); *Matter of Claim of Fortier,* 910 P.2d 1356, 1358 (Wyo.1996). While aggravation of a preexisting condition is a compensable injury, *Matter of Injury to Carpenter,* 736 P.2d 311, 312 (Wyo.1987), claimant must prove that his employment aggravated, accelerated, or combined with the disease or infirmity to produce the disability for which compensation is sought. *Romero v. Davy McKee Corp.,* 854 P.2d 59, 61 (Wyo.1993); *Lindbloom v. Teton Int'l,* 684 P.2d 1388, 1390 (Wyo.1984).

■ The record discloses that the hearing examiner took note of the claimant's preexisting condition. Medical evidence included a statement by the doctor treating claimant since January of 1991 that 50 percent of claimant's current condition was due to the instant injury. This percentage included the normal aging process and normal daily living activities. A comparison of an MRI report after the accident to one performed two and a half years earlier indicates a significant deterioration and worsening of claimant's condition.

It is true that claimant and his doctor discussed surgery before the work-related injury, however notes from claimant's doctor indicate that discussion took place over a two and a half year period before the last injury. As pointed out by the hearing examiner in Finding No. 5, it was the "work effort [that] brought the need for surgery to a head and forced the surgery to be done at this time." Further, testimony indicated that the pain levels experienced by claimant increased after the injury; and, when taken as a whole,

the evidence supports the hearing examiner's conclusions that the work efforts on behalf of the employer contributed to a material degree to the precipitation, aggravation or acceleration of his preexisting condition to the point that surgery could no longer be avoided.

### Lack of specificity in findings

Appellants assert the findings of the hearing examiner represent only conclusory statements with no specific findings of basic fact to support them. The findings include a comparison of the MRI reports showing a worsening of claimant's condition; the treating physician's statement attributing 50 percent of his condition primarily to the work-related injury; the worsening of pain experienced by claimant; and the fact that while claimant may have needed surgery for some time, it was this injury which required that it be done immediately.

> The agency is charged with determining "the ultimate weight to be given that evidence." In addition, the agency is charged with determining the credibility of the witnesses. If the agency's decision is supported by substantial evidence, this court "cannot substitute [its] judgment for that of the agency, but [this court is] required to uphold its findings upon appeal."

*Weidner v. Life Care Centers of America,* 893 P.2d 706, 710 (Wyo.1995) (*quoting Beddow v. Employment Sec. Comm'n,* 718 P.2d 12, 14 (Wyo.1986)).

### CONCLUSION

The findings of the hearing examiner include the basic facts which reflect the substantial evidence upon which the conclusions are based.

HARTMAN, J., filed a dissenting opinion.

HARTMAN, District Judge, dissenting.

I respectfully dissent.

Here it is undisputed that Respondent suffered from a preexisting back injury at commencement of employment with the Laramie County School District. Respondent's back condition required two previous surgeries, and a third procedure was recommended pri-

or to his employment with the school district. Therefore, it is quite clear that the only basis upon which the Hearing Examiner could find in favor of the Respondent was if Respondent was able to demonstrate "a material aggravation of a preexisting injury." This Court has said:

> Preexisting disease or infirmity of the employee does not disqualify a claim under the "arising out of employment" requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought.

*Hepp v. State ex rel. Workers' Compensation Div.,* 881 P.2d 1076, 1079 (Wyo.1994) (*quoting* 1 Arthur Larson, *The Law of Workmen's Compensation,* § 12.21 (1996)); *see also Jim's Water Serv. v. Eayrs,* 590 P.2d 1346, 1349 (Wyo.1979). It was incumbent upon the claimant to establish every essential element of his claim by a preponderance of the evidence. *Matter of Goddard,* 914 P.2d 1233, 1236 (Wyo.1996).

The majority opine, conjointly with the Hearing Examiner in his Finding No. 5, that "the work effort [by Respondent] brought the need for surgery to a head." It is on this point that I differ with the majority. The great weight of the evidence is to the contrary. Respondent underwent his first back surgery in 1987 and a second in January of 1991. Subsequent to the second surgery, the follow-up notes of the treating physician are illuminating.

In November of 1991, the treating physician's notes indicate that Respondent has "more soreness in his back and some down his left leg." The April 1992 notes reveal: "I just don't see any other way to make him [Respondent] better other than fusing." Most significant are the notes of Dr. Wirt two weeks before the claimed injury which state: "He [Respondent] has been having a two to three week history of increased pain down his right leg." Additionally, there is the evidence of a high number of refills on his prescription for pain medication from January 1991 to October 1994. All this tends to show that the October 1994 injury was not work related.

Clearly the Hearing Examiner's Finding No. 5 is not supported by substantial evidence, and the Respondent failed to show by a preponderance of the evidence that the injury occurring on October 31, 1994, was a "material aggravation" of his preexisting injury. I would reverse.