**Dora BREES, Appellant (Petitioner),**

v.

**GULLEY ENTERPRISES, INC.; and State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellees (Respondents).**

No. 99–173.

Supreme Court of Wyoming.

May 5, 2000.

Representing Appellant: Donald L. Painter, Casper, Wyoming.

Representing Appellee Gulley Enterprises, Inc.: David A. Drell of Vlastos, Brooks, Henley & Drell, P.C., Casper, Wyoming.

Representing Appellee Wyoming Workers' Safety and Compensation Division: Gay Woodhouse, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; . Gerald W. Laska, Senior Assistant Attorney General; Bernard P. Haggerty, Senior Assistant Attorney General. Argument by Mr. Haggerty.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

GOLDEN, Justice.

Appellant Dora Brees (Brees) appeals the denial of her claim for worker's compensation benefits and her motion for reconsideration

after a hearing examiner determined that she had failed to prove the material aggravation of a pre-existing condition.

We affirm.

## ISSUES

Brees presents these issues for our review:

1. Whether there was substantial evidence to support the determination of the hearing examiner denying compensability.

2. Whether the hearing examiner erred as a matter of law in denial of the Motion for Reconsideration.

Appellee Wyoming Workers' Safety and Compensation Division (Division) presents this single statement of the issue:

The Employee claimed she hurt her back on her third day at work; a Hearing Examiner denied benefits because of her prior back injuries and congenital back problems.

A. Was the Hearing Examiner's decision supported by substantial evidence and within her discretion?

Brees' employer, Appellee Gulley Enterprises, Inc. (Gulley), states the issues as:

1. Whether the Decision of the Office of Administrative Hearings denying benefits to the Employee–Claimant is supported by substantial evidence.

2. Whether the Decision of the Office of Administrative Hearings denying the Employee–Claimant's Motion for Reconsideration is supported by substantial evidence and not contrary to law.

## FACTS

Brees claimed to have sustained a back injury on August 31, 1997, while performing her duties as a waitress. Brees was pushing a heavily laden cart that caught on something and held. She pushed and twisted the cart to free it and that motion caused pain in her back. She finished her shift; however, her pain increased and the next day her supervisor directed her to be examined at the local hospital. X-rays were taken and were not unusual; however, an MRI indicated bulging discs at two levels. She was treated and eventually referred to a neurosurgeon and underwent surgery for herniated discs at the L4–5 and L5–S1 levels. She applied for worker's compensation benefits, and the Division denied her benefits because of a pre-existing condition.

Brees had been seen for back pain following a slip and fall on ice on February 5, 1997, and treated conservatively with heat and medication. There was no suggestion of any need for surgery, and the x-rays of her lumbar spine were "unremarkable." Brees was also examined on March 17, 1997, for back and lower back pain and again no abnormalities were noted in the x-rays, and she was again treated with heat and medication.

At the hearing, Brees claimed that the back pain she experienced on February 5 was not an injury, and claimed that she was seen on March 17 for hip pain and not back pain. The Division and Gulley had a general surgeon, Dr. Greer, review the medical records, and he testified by deposition that the medical reports from February 5 and March 17 indicated Brees had complained of low back pain and pain radiating into her leg. He testified that these symptoms are consistent with nerve root damage and opined that Brees' injury was a chronic injury. Brees' neurosurgeon, Dr. Metz, testified by deposition, and in its conclusions of law, the hearing examiner ruled that Dr. Metz testified that Brees' condition was the result of the August 31, 1997, injury. The hearing examiner further concluded:

3. . . . That it was the testimony of Dr. Metz that he was not made aware that the Employee–Claimant had suffered from any pre-existing problems with her back. . . .

4. That the opinion testimony provided by Dr. Metz clearly indicates that he was not aware of the extent of the events which occurred to the Employee–Claimant in February of 1997 or March, 1997, specifically including, but not limited to the description of the pain radiating down into her legs.

The hearing examiner concluded that Brees' failure to disclose the previous back problems resulted in her failure to meet her burden of proof to show by competent medi-

cal testimony that the August 31 injury aggravated a pre-existing condition.

Brees filed a motion for reconsideration "on grounds enumerated in subsections (a)(3), (5), and (7) under [W.R.C.P.] 59." A hearing was held on July 14, 1998, and the hearing examiner reiterated that Brees was seeking reconsideration under these grounds, and Brees did not disagree. Brees argued that Dr. Metz' testimony established that Dr. Metz knew of the prior injuries and it was his opinion that the August 31, 1997, incident resulted in an injury and caused the need for surgery. The hearing examiner determined that its decision to deny benefits was based on all of the testimony and denied the motion for reconsideration.

Brees filed a Petition for Review, and the district court issued a decision letter finding that Dr. Metz was made aware of Brees' previous back problems at the deposition, and determined that the hearing examiner's factual conclusion that Dr. Metz was not aware of Brees' prior back problems when he gave his medical opinion was not supported by the evidence. The court found that, in fact, Dr. Metz was made aware of those previous problems and had testified quite strongly that it was his medical opinion that the exertion of August 31, 1997, caused the medical condition for which he performed surgery. The district court determined that because Dr. Greer's opinion was not based on appropriate expertise and accurate facts, it should probably be completely disregarded. The district court, however, upheld the denial of the benefits because substantial evidence supported the conclusion that Brees had not materially aggravated a pre-existing condition. It found that Dr. Metz was never asked whether the incident on August 31 aggravated a pre-existing condition, but he did testify that people experience a wide variation in time from herniation of a disc to the onset of pain. Concluding that it could not be determined from the record whether Brees' August 31 injury aggravated a pre-existing condition, the district court upheld the determination that Brees failed to meet her burden of proof and sustained the hearing examiner's final conclusion. The district court considered whether grounds existed under Rule 59(a)(3), (5), or (7) warranting a new hearing and determined that the denial of the motion for reconsideration should be upheld. This appeal followed.

## DISCUSSION

### Standard of Review

When reviewing an administrative order, we are not compelled to accept any of the conclusions reached by the district court, and will review the case as if it had come directly to this Court from the agency. *Howton v. State ex rel. Wyo. Workers' Comp. Div.*, 899 P.2d 869, 870 (Wyo.1995); *Cronk v. City of Cody*, 897 P.2d 476, 477 (Wyo.1995). Under the workers' compensation statutory scheme, an injury does not include "[a]ny injury or condition preexisting at the time of employment with the employer against whom a claim is made." Wyo. Stat. Ann. § 27–14–102(a)(xi)(F) (LEXIS 1999). A pre-existing condition may, however, be compensable if the employment aggravated, accelerated, or combined with the preexisting condition to produce the disability for which the employee is seeking benefits. *Lindbloom v. Teton International*, 684 P.2d 1388, 1390 (Wyo.1984) (quoting 1 Larson's Workmen's Compensation Law § 12.20 at 3–276). "The claimant has the burden of proving each essential element of her claim by a preponderance of the evidence." *Hepp v. State ex rel. Wyo. Workers' Comp. Div.*, 881 P.2d 1076, 1078 (Wyo.1994).

On appeal, Brees does not contest the ruling that she has a pre-existing condition, and limits her appeal to the determination that Dr. Metz did not establish that the injury resulted in a material aggravation of the pre-existing condition. Whether a claimant's employment "aggravated, accelerated, or combined with the internal weakness or disease to produce the disability is a question of fact." *Lindbloom*, 684 P.2d at 1390. Brees had the burden of proving that the work-related injury materially aggravated the pre-existing injury resulting in a compensable injury. *State ex rel. Wyo. Workers' Comp. Div. v. Fisher*, 914 P.2d 1224, 1226–27, 1230 (Wyo.1996); *Matter of Corman*, 909 P.2d 966, 970 (Wyo.1996). In this case, the

hearing examiner concluded in her initial order that Brees had failed in her burden to prove that her claimed injury resulted in a material aggravation of a preexisting condition. Although all parties present their arguments under a substantial evidence standard of review, we find that the hearing examiner's additional findings following the hearing on Brees' motion for reconsideration resulted in a decision affirming the conclusion that Brees had failed in her burden of proof.

[■■■] When the party charged with the burden of proof has failed to meet that burden, we review the case under the arbitrary, capricious, abuse-of-discretion, or otherwise not in·accordance with law standard. *Keck v. State ex rel. Wyo. Workers' Comp. Div.*, 985 P.2d 430, 432 (Wyo.1999); *City of Casper v. Utech*, 895 P.2d 449, 452 (Wyo.1995).

Under the arbitrary, capricious and abuse of discretion standard, we are charged with examining the entire record. Wyo. Stat. Ann. § 16–3–114(c) (Lexis 1999); *Utech*, 895 P.2d at 452. In our examination and review of a hearing examiner's determination, we defer to the hearing examiner's findings of fact. *Pederson [v. State, ex rel. Workers' Comp. Div.]*, 939 P.2d [740,] at 742 [(Wyo.1997)]; *[Wyoming Steel & Fab., Inc. v.] Robles,*, 882 P.2d [873,] at 875 [(Wyo.1994)]. We will examine conflicting and contradictory evidence to see if the hearing examiner reasonably could have made its findings based on all the evidence before it. *Pederson*, 939 P.2d at 742, and cases therein cited. The findings of fact may include determinations of witness credibility, as the hearing examiner is charged with determining the credibility of the witnesses. *Pederson*, 939 P.2d at 742; *Utech*, 895 P.2d at 451. In our review, we will not overturn the hearing examiner's determinations regarding witness credibility unless they are clearly contrary to the overwhelming weight of the evidence. *Nellis v. Dep't of Transportation*, 932 P.2d 741, 743 (Wyo. 1997); *Pederson*, 939 P.2d at 742; *Robles*, 882 P.2d at 875.

*Carrillo v. State ex rel. Wyo. Workers' Safety and Comp. Div.*, 987 P.2d 690, 693 (Wyo. 1999).

### Evidence of Material Aggravation

[■■■] Brees contends that when an on-the-job aggravation of a pre-existing condition causes the necessity for surgery to become evident, that aggravation should be deemed a "material aggravation" and a· compensable injury. This is true; however, the causation issue requires Brees to prove that her work-related injury, not the pre-existing condition, caused the need for the surgery. *State ex rel. Wyo. Workers' Comp. Div. v. Roggenbuck*, 938 P.2d 851, 853 (Wyo.1997). In *Roggenbuck*, we articulated that the causation determination required asking whether "it was the work effort that brought the need for surgery to a head and forced the surgery to be done at this time." *Id.* The Division and Gully Enterprises both contend that this factual determination is properly the province of the hearing examiner under the well-settled standard that

[t]he agency is charged with determining "the ultimate weight to be given th[e] evidence." In addition, the agency is charged with determining the credibility of the witnesses. If the agency's decision is supported by substantial evidence, this Court "cannot substitute [its] judgment for that of the agency, but this Court is required to uphold its findings upon appeal."

*Weidner v. Life Care Centers of America*, 893 P.2d 706, 710 (Wyo.1995) (citations omitted) (quoting *Beddow v. Employment Sec. Comm'n*, 718 P.2d 12, 14 (Wyo.1986)).

In this case, our review shows that Brees presented Dr. Metz' deposition testimony as proof .of causation. Dr. Metz' notes of his medical examinations do not indicate that Brees informed him of any prior back injuries; however, during the deposition, Brees' attorney made. Dr. Metz aware of her prior back injuries for the first time. When asked for his medical opinion on causation, Dr. Metz testified in relevant part:

A. . . . I think the onset of the pain with the twisting injury and her appearance here in the office would suggest that there was a causative relationship. That's based

pretty much on the account that was provided to me. I have no independent knowledge of other types of injuries that she might have sustained.

\* \* \*

Q. Would you consider it more likely than not that the causative exertion on August 31 caused the disks for which you have done the surgery to become symptomatic?

A. By—by history and the absence of any other injury mechanism, I would—I would have to say so. What she describes as causing her pain could be expected in some individuals to result in the injury that she sustained.

On cross-examination, Dr. Metz provided this information:

Q. When a disk is herniated and is pushing out on the nerve, how fast does it take for the symptoms to show up with respect to the low back pain, the pain down the legs, that type of thing?

A. It's quite variable....

\* \* \*

Q. Okay. And your opinion today, as far as the relationship of her—the disk herniation and the August 31 of 1997 incident that she declared to you or described to you at work, is based on the history that she told to you—

A. Yes.

Q. —and, in addition, based on the history of the prior incident that Mr. Painter described to you today?

A. Yes.

As pointed out by the district court, Dr. Metz' testimony does not establish whether Brees materially aggravated her previous condition on August 31 because Dr. Metz was never directly asked whether Brees' surgery resulted from the pre-existing condition or from twisting and pushing the cart. As a consequence, Brees has not presented any evidence on the question of whether the back pain experienced when twisting and pushing the cart on August 31 materially aggravated her pre-existing condition and resulted in a compensable injury. It was her burden to provide that evidence, and its absence requires that we uphold the denial of benefits.

Brees contends that a determination that she is not entitled to benefits is prohibited by the *Roggenbuck* decision. In *Roggenbuck*, an order awarding benefits to a claimant who had a history of back problems, two previous back surgeries and a permanent partial disability of sixty percent was upheld. Under our substantial evidence standard of review, we determined that comparisons of MRI reports showing a worsening of claimant's condition, the treating physicians' statements, and the worsening of pain experienced supported the agency's decision by showing that the work-related injury forced the need for immediate surgery. *Roggenbuck*, 938 P.2d at 854. The evidence presented in *Roggenbuck* squarely addressed the issue of whether the last injury was a material aggravation of the pre-existing condition causing the need for surgery. That evidentiary demonstration was not made on behalf of Brees, and we find that *Roggenbuck* is not factually similar to her case requiring reversal.

### *Motion for Reconsideration*

As permitted by agency rules, Brees brought a motion for reconsideration under some subdivisions of W.R.C.P. 59. Rule 59(a) provides in pertinent part:

(a) *Grounds.*—A new trial may be granted to all or any of the parties, and on all or part of the issues. On a motion for a new trial in an action tried without a jury, the court may open the judgment, if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment. Subject to the provisions of Rule 61, a new trial may be granted for any of the following causes:

(1) Irregularity in the proceedings of the court, jury, referee, master or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial;

(2) Misconduct of the jury or prevailing party;

(3) Accident or surprise, which ordinary prudence could not have guarded against;

(4) Excessive damages appearing to have been given under the influence of passion or prejudice;

(5) Error in the assessment of the amount of recovery, whether too large or too small;

(6) That the verdict, report or decision is not sustained by sufficient evidence or is contrary to law;

(7) Newly discovered evidence, material for the party applying, which the party could not, with reasonable diligence, have discovered and produced at the trial;

(8) Error of law occurring at the trial.

In her motion, she specified subdivisions (a)(3), (5), and (7) as grounds for reconsideration, and it was those grounds that were considered by both the hearing examiner and the district court and found insufficient to grant a new hearing. On appeal, Brees argues for reconsideration on grounds presented in subdivision (a)(6) for the first time and renews her argument for reconsideration on grounds presented in subdivision (a)(7). Appellees contend that the issue raised for the first time on appeal should not be considered. We have recently said:

"As we have consistently stated over many years, Wyoming appellate courts do not review issues raised for the first time on appeal. This rule is equally applicable to appeals from administrative decisions as to those from district courts." *Shaffer v. State ex rel. Workers' Safety and Compensation Div.*, 960 P.2d 504, 507–08 (Wyo. 1998) (quoting *Nelson v. Sheridan Manor*, 939 P.2d 252, 255 (Wyo.1997)). We will, however, consider two types of issues raised for the first time on appeal: jurisdictional issues and "issues of such a fundamental nature that they must be considered." *WW Enterprises, Inc. v. City of Cheyenne*, 956 P.2d 353, 356 (Wyo.1998); *Ricci v. New Hampshire Ins. Co.*, 721 P.2d 1081, 1088 (Wyo.1986); *State Tax Comm'n v. BHP Petroleum Co. Inc.*, 856 P.2d 428, 437–38 (Wyo.1993).

*In re Pohl*, 980 P.2d 816, 819 (Wyo.1999). Brees does not contend that hearing her appeal under subdivision (a)(6) presents either a jurisdictional or fundamental issue, and her argument is not considered.

Brees argues that Dr. Metz should be heard as to whether he is of the opinion that Brees suffered an injury on August 31 that materially aggravated her pre-existing condition and caused the need for surgery. She does not argue that Dr. Metz has newly discovered evidence to provide. We review denials of motions under Rule 59(a)(7) for abuse of discretion. *Shaw v. Shaw*, 544 P.2d 1004, 1006 (Wyo.1976). Evidence available at the time of the hearing or which can be inferred was available cannot be the basis for the grant of a new hearing as newly discovered. *Id.* (citing *Barbour v. Barbour*, 518 P.2d 12, 15 (Wyo.1974)). Brees has not made any showing that she exercised due diligence in attempting to secure this information, or that it is such newly discovered evidence as contemplated by the rule, and we find no abuse of discretion. *Id.*

The order of the district court upholding the denial of benefits and the denial for reconsideration is affirmed.