2005 WY 9

In the Matter of the Worker's Compensation Claim of:

Sheila Mae BOYCE, Appellant (Petitioner),

v.

State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellee (Respondent).

No. 04–54.

Supreme Court of Wyoming.

Feb. 1, 2005.

Representing Appellant: David M. Gosar of Gosar Law Office, Jackson, Wyoming.

Representing Appellee: Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; and Kristi M. Radosevich, Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE and VOIGT, JJ., and KAUTZ, DJ.

KITE, Justice.

[¶ 1] Claiming that her work activities materially aggravated a preexisting condition in her foot, Sheila M. Boyce filed a claim for workers' compensation benefits. The Wyoming Workers' Compensation Division (the Division) denied her claim, she objected and, after a hearing, the Office of Administrative Hearings (OAH) also denied her claim, finding that Ms. Boyce did not meet her burden of proving her work activities substantially or materially aggravated her preexisting condition. Ms. Boyce appealed to the district

court, which affirmed the denial of benefits, and she now appeals to this court. We reverse.

## ISSUES

[¶ 2] Ms. Boyce presents the following issue:

> The decision denying Workers' Compensation coverage is based on an incorrect interpretation and application of Wyoming law. It is not necessary for the employee/claimant's physicians to testify using the words, "material," "substantial," or some other equivalent term, in regard to whether the employee/claimant's pre-existing condition was materially or substantially aggravated by work conditions, but rather, medical and other evidence must be sufficient to prove material aggravation.

The Division phrases the issues as follows:

> I. The Workers' Compensation Act excludes preexisting conditions from the definition of compensable injuries. However, a claimant may be eligible for workers' compensation benefits if a preexisting condition is materially aggravated by an accident during employment and the claimant proves this fact by a preponderance of the evidence. The hearing examiner determined Ms. Boyce failed to meet this burden of proof. Was the hearing examiner's decision in accordance with Wyoming workers' compensation law?
>
> II. The hearing examiner determined that Ms. Boyce's medical problems were not due to a material aggravation of her preexisting condition during her employment with Gibralter Holdings, LLC. Is the hearing examiner's decision denying benefits supported by substantial evidence?

## FACTS

[¶ 3] In February 2001, Ms. Boyce received a cortisone injection in her right foot for treatment of bone spurs and heel pain. Four to five months later, in July 2001, she began employment with Gibralter Holdings, LLC, which was building a new Super 8 Motel in Pinedale, Wyoming. Until the motel opened for business in late September 2001, Ms. Boyce worked out of her home hiring employees and ordering supplies. In August and September of 2001, while she was working out of her home, Ms. Boyce sought further treatment for her heel condition. When the motel subsequently opened, Ms. Boyce worked at the motel as the head of housekeeping. Her duties included inspecting guestrooms, doing laundry, supervising the cleaning staff and maintaining the breakfast room. During the time she was performing these duties, the condition of her foot grew progressively worse.

[¶ 4] In January and February 2002, Ms. Boyce again sought treatment for her heel problems. By this time, her heel condition had worsened to the degree that she frequently was unable to perform room inspections. In February, doctors placed her foot in a cast and she was told she would need surgery. She was terminated from her employment on February 26, 2002. Shortly thereafter, she filed her claim for benefits, which the hearing officer denied resulting ultimately in her appeal to this Court.

## STANDARD OF REVIEW

■ [¶ 5] Ms. Boyce asserts that the hearing examiner incorrectly interpreted and applied Wyoming law when he denied her claim for benefits and, accordingly, the following standards apply:

> The interpretation and correct application of the provisions of the Wyoming Worker's Compensation Act are questions of law over which our review authority is plenary. Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law.

*Ludwig v. State ex rel. Wyoming Workers' Safety and Compensation Div.,* 2004 WY 34, ¶ 7, 86 P.3d 875, ¶ 7 (Wyo.2004) (citations omitted). The Division contends the issue raised more appropriately presents a substantial evidence question and the following standards apply:

We afford respect and deference to a hearing examiner's findings of fact if they are supported by substantial evidence. Our task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision.

*Salas v. General Chemical,* 2003 WY 79, ¶ 9, 71 P.3d 708, ¶ 9 (Wyo.2003) (citations omitted).

■■■■ [¶ 6] We conclude the substantial evidence standard does not apply. Rather, because the hearing examiner concluded Ms. Boyce did not meet her burden of proof, our review is governed by the arbitrary and capricious standard. When the party charged with the burden of proof has failed to meet that burden, we review the case under the arbitrary, capricious, abuse-of-discretion, or otherwise-not-in-accordance-with-law standard. *Brees v. Gulley Enterprises, Inc.,* 6 P.3d 128, 132 (Wyo.2000); *Keck v. State ex rel. Wyoming Workers' Safety & Compensation Div.,* 985 P.2d 430, 432 (Wyo.1999).

Under the arbitrary, capricious and abuse of discretion standard, we are charged with examining the entire record. In our examination and review of a hearing examiner's determination, we defer to the hearing examiner's findings of fact. We will examine conflicting and contradictory evidence to see if the hearing examiner reasonably could have made its findings based on all the evidence before it. The findings of fact may include determinations of witness credibility, as the hearing examiner is charged with determining the credibility of the witnesses. In our review, we will not overturn the hearing examiner's determinations regarding witness credibility unless they are clearly contrary to the overwhelming weight of the evidence.

*Brees,* 6 P.3d at 132 (citations omitted). To the extent the hearing examiner misapplied Wyoming law in reaching its conclusion, Ms. Boyce is correct that the issue before us is one of law over which our review is plenary and we afford no deference to the hearing examiner's conclusion. *Ludwig,* ¶ 7.

## DISCUSSION

■ [¶ 7] In her only issue, Ms. Boyce claims the hearing examiner misapplied the law by requiring medical testimony that her work conditions "materially or substantially" aggravated her preexisting condition. She contends she was not required to present medical testimony using the precise words "material" or "substantial," as long as she met her burden of proving by a preponderance of the evidence that her work contributed to aggravation of her heel problems. She points to testimony from her physicians, Dr. Boyle and Dr. Jost, both of whom testified that her work aggravated her heel condition. Although the physicians did not use the terms materially or substantially, she asserts their testimony combined with the other evidence demonstrated that her work activity materially aggravated her preexisting heel condition.

[¶ 8] The Division asserts the hearing examiner did not misapply the law and Ms. Boyce simply failed to prove by a preponderance of the evidence that her work materially or substantially aggravated her preexisting condition. The Division claims the evidence showed her condition worsened before she began working at the motel and that she was not on her feet as much as she reported to her physicians. The Division asserts the hearing examiner properly weighed the conflicting evidence and, in light of other evidence, discounted or disregarded the doctors' testimony.

[¶ 9] Based upon a thorough review of the entire record and applying the applicable standards of review, we hold the hearing examiner misapplied the law to the extent he concluded expert medical testimony using the words "material or substantial" was required. We also hold the hearing examiner's conclusion that Ms. Boyce did not meet her burden of proof because her medical experts did not include the word "material" in their opinion was arbitrary, capricious, an abuse of discretion and not in accordance with the law.

■ [¶ 10] "Injury," as the term is defined in Wyo. Stat. Ann. 27–14–102(a)(xi) (LexisNexis 2003) of the Wyoming Worker's Compensation Act, does not include any inju-

ry or condition preexisting at the time employment begins with the employer against whom a claim is made. However, "in Wyoming an employer takes the employee as he finds him." *Lindbloom v. Teton International*, 684 P.2d 1388, 1389 (Wyo.1984). If an employee suffers from a preexisting condition, that employee may still recover if his employment substantially or materially aggravates that condition. *Id.* In *Lindbloom*, we cited with approval the widely accepted treatise, Larson's Workmen's Compensation Law, for the proposition that:

"Preexisting disease or infirmity of the employee does not disqualify a claim under the 'arising out of employment' requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought."

1 Larson's Workmen's Compensation Law, § 12.20, p. 273–276. Larson goes on to say:

"Since the rule of law stated at the beginning of this section is so widely accepted, in practice most of the problems in this area are medical rather than legal. * * * * It will be found, then, that denials of compensation in this category are almost entirely the result of holdings that the evidence did not support a finding that the employment contributed to the final result. Whether the employment aggravated, accelerated, or combined with the internal weakness or disease to produce the disability is a question of fact, not law, and a finding of fact on this point * * * * based on any medical testimony * * * * will not be disturbed on appeal."

*Id.,* § 12.20, p. 313–16.

▆▆▆▆ [¶ 11] To prove aggravation of a preexisting injury, a claimant must demonstrate by a preponderance of the evidence that the work contributed to a material degree to the aggravation of the preexisting condition. *Salas,* ¶ 10; *Jim's Water Service v. Eayrs,* 590 P.2d 1346, 1349 (Wyo.1979); *Claim of Vondra,* 448 P.2d 313 (Wyo.1968).

The causal connection between the work and the condition is satisfied if the medical expert testifies it is more probable than not that the work contributed in a material fashion to the aggravation of the injury. *Id.* Expert medical testimony to the effect that the work "contributed to" the injury or that the injury "most likely" or "probably" is the product of the workplace suffices. *Id.* We can find no authority for the proposition that the medical expert must state with specificity that the work conditions "materially or substantially" aggravated the preexisting condition. Nor can we find authority requiring the medical expert to apportion the aggravation between work conditions and other possible contributing factors. In fact, Larson opines, except by exceptional statute in a few states, of which Wyoming is not one, "the relative contribution of the accident and the prior disease is not weighed...." Larson, *supra,* at § 9.02[6].

[¶ 12] Applying these principles in *Salas,* we upheld a hearing officer's finding that the employee's work accident aggravated a preexisting degenerative condition in his knee.[1] Salas experienced knee problems prior to his work accident. He presented evidence, however, primarily through his own testimony and that of his treating physician, that the accident aggravated his preexisting condition. His treating physician testified that in his opinion to a reasonable degree of medical probability while the accident did not cause or appear to accelerate the preexisting degenerative changes in Salas's knee, it did cause an "exacerbation" or "aggravation of his preexisting condition." We held this evidence together with Salas's own testimony, supported "the hearing examiner's conclusions that the work efforts on behalf of the employer contributed to a material degree to the precipitation, aggravation or acceleration of his preexisting condition to the point that surgery could no longer be avoided." *Salas,* ¶ 22. We reached this result despite the Division's presentation of expert medical testimony that the claimant's condition was not

---

1. Unlike the present case in which we apply the arbitrary and capricious standard of review, many of our aggravation of preexisting injury cases, including *Salas,* required a determination of whether substantial evidence supported the hearing examiner's decision. While application of the different standard requires a different analysis, we discuss those cases to illustrate the fact dependent nature of the inquiry.

related to the accident but was more probably related to his preexisting condition.

[¶ 13] In *Brees,* a case more directly on point, we held the employee failed to meet her burden of proof to establish her work materially aggravated her preexisting condition. Brees claimed to have sustained a back injury at work. On appeal, she did not dispute that she had a preexisting back condition, but argued that her doctor's testimony established that her work injury materially aggravated the preexisting condition. We concluded presentation of the physician's testimony was not sufficient to meet the claimant's burden of proof because the physician was never directly asked whether her surgery resulted from the preexisting condition or from work conditions. Without such testimony, we concluded, the claimant did not establish a compensable injury. *Brees,* 6 P.3d at 130.

[¶ 14] In *State ex rel. Wyoming Worker's Compensation Div. v. Roggenbuck,* 938 P.2d 851 (Wyo.1997), another substantial evidence case, we upheld an award of benefits to a claimant for aggravation of a preexisting condition. Despite the claimant's extensive history of back problems, two previous back surgeries, and the fact that he filed a report of injury only nine days into his new employment, we concluded he presented substantial evidence that his work contributed to a material degree to the precipitation, aggravation or acceleration of his preexisting condition. Unlike the evidence in *Brees,* the testimony presented in *Roggenbuck* squarely addressed the issue of whether the last injury was a material aggravation of the pre-existing condition. *Id.* at 133.

[¶ 15] In *Hoff v. State ex rel. Wyoming Workers' Safety and Compensation Div.,* 2002 WY 129, 53 P.3d 107 (Wyo.2002), we affirmed a denial of benefits based upon the conclusion that Hoff's condition related to an underlying chronic problem rather than a work injury. We reached this result from a record containing conflicting evidence, including testimony by the claimant that her symptoms after the work injury were different than her symptoms before the injury and expert medical opinion that the work injury caused the preexisting condition to become symptomatic necessitating treatment. *Id.,* ¶ 25.

■ [¶ 16] These cases make clear that our case law requiring a claimant to show his or her employment "materially or substantially aggravated" the preexisting injury does not require expert medical testimony specifically using the words "substantial or material." Rather, what our cases require is that the claimant show that work activities, rather than the natural progression of the condition, factors associated with ordinary daily living or some other non-work related factor, significantly aggravated the preexisting condition. The nexus between work activities and the aggravation ordinarily will be shown through expert opinion testimony. That is, expert medical testimony ordinarily will be required to establish the link between the worsening of the medical condition and the claimant's work activities, rather than some other factor. The materiality of the nexus ordinarily will be shown through evidence of the facts and circumstances surrounding the employment. Stated simply, the claimant is required to prove by a preponderance of all of the evidence that the work activities were a significant factor in the worsening of the preexisting condition.

■ [¶ 17] We turn to consideration of the record before us. Ms. Boyce testified that her foot was fine after the cortisone shot in February 2001, until she began work at the motel in late September and was on her feet all the time. Although she received a second cortisone shot in August 2001, and returned to the doctor again on September 21, 2001, she testified that her condition only really began to deteriorate after she began work at the motel. After she began work at the motel, she testified that her job required her to perform daily quality assurance checks in each of the guest rooms, meaning she was on her feet for extended periods of time daily. She testified she could not remember for sure but thought there were 65 guest rooms located on three stories of the motel. She further testified the elevator did not work reliably, forcing her to go up and down the stairs several times a day. She testified that her work schedule varied; sometimes she worked seven days a week,

sometimes six and sometimes five. In her report of injury, Ms. Boyce reported her injury was caused by going up and down stairs several times a day and that she was on her feet seven to eight hours a day. She testified that she did the quality assurance checks regularly until February 2002, when the pain in her foot made it impossible for her to do them. Thereafter, she worked mostly at her desk and assigned the quality assurance checks to other employees. On February 20, 2002, in order to immobilize her foot and prevent flexion and extension and further worsening of her condition, her doctor placed her foot in a cast.

[¶ 18] Dr. Heidi Michelson–Jost testified that absent some aggravating factor, the usual prescribed treatments of rest, physical therapy and anti-inflammatory medication resolve most cases of plantar fasciitis. Dr. Jost testified that by the time she began treating Ms. Boyce in late February 2002, Ms. Boyce had an extreme case of plantar fasciitis. Dr. Jost and Dr. Judy Boyle testified unequivocally that in their opinion Ms. Boyce's condition was aggravated by her work activities.

[¶ 19] In an effort to refute Ms. Boyce's evidence, the Division presented evidence that after the initial diagnosis and treatment in February 2001, Ms. Boyce consulted a doctor twice because of foot pain before she began work at the motel, there were only 43 not 65 guest rooms, not every room was checked every day, the elevator was out of order for only six days, there were days when Ms. Boyce worked only "an hour and a half, three hours," her hours really began to taper off in December 2001, she worked an average of six hours per day one week in January and three hours per day one week in February, she performed room checks only seven times in January and twice in February, during the last two months of her employment she assigned the quality assurance task to other employees, she did not file a report of injury claiming her foot condition was work related until after she was terminated, and she told the motel manager in the fall of 2001 that she had a recurring problem in her foot that flared up from time to time. The Division presented no evidence refuting the physician testimony that Ms. Boyce's work activities aggravated her preexisting condition nor did it present any evidence of factors besides her work activities that may have caused her condition to deteriorate so significantly.

[¶ 20] At the hearing, the Division argued the law required the doctors to opine that the work conditions "materially or substantially" aggravated her condition and, because they did not do so, Ms. Boyce failed to meet her burden of proof. At the Division's suggestion, the hearing examiner recessed the hearing to review the doctors' depositions to confirm the Division's claim. Having done so, the hearing examiner stated, "I agree with the Division on this one." On this basis, he found in relevant part:

29. . . . Neither of the physicians concluded that the Employee's condition, which was acknowledged to be preexisting, was materially or substantially aggravated by her employment. The physician's testifying said the Employee's condition was contributed to by her employment or that her employment aggravated her condition.

Based upon his findings, the hearing officer concluded in pertinent part:

6. Conditions preexisting employment are not compensable unless a condition of employment *materially or substantially exacerbates* a preexisting condition suffered by an employee.

. . .

8. Medical evidence is necessary in workers' compensation claims to establish a causal connection in cases where a medical condition complained of is not "immediately and directly or naturally and probably" the result of a single incident.

9. Opinions expressed by medical experts in terms of "can", "could", or "possibly" are not sufficient to meet an employee's burden of proof.

10. The Office, when considering the weight to be given to expert opinions, must consider: (1) the opinion given; (2) the reasons for the opinion; (3) the strength of it; and (4) the qualification and credibility of the individual giving it.

11. The Office concludes the Employee suffered from a preexisting condition. The Office further concludes the Employee did not meet her burden of proof, by competent evidence and by a preponderance of the evidence, that her work conditions substantially or materially aggravated her preexisting condition.

[¶ 21] The primary flaw we see in these findings and conclusions is that our prior cases do not require medical testimony that a work injury or work conditions "substantially or materially" aggravated the preexisting condition. As noted above, we have held in the *Jim's Water Service* and *Vondra* line of cases that expert medical testimony to the effect that the work "contributed to" the injury or that the injury "most likely" or "probably" was the product of the workplace suffices. Although Ms. Boyce's physicians did not use the words "most likely" or "probably," they both testified unequivocally that in their opinion her work situation aggravated her preexisting condition. Neither physician used the terms "can", "could", or "possibly" and so the hearing officer's reference in his conclusions of law to those words being insufficient to meet an employee's burden of proof is not pertinent. The hearing officer's reliance on the finding in paragraph 29 demonstrates his misunderstanding of the standard when he states first that neither physician concluded Ms. Boyce's condition was materially or substantially aggravated by her employment but then states they testified her employment contributed to or aggravated her heel condition. As we state above, medical testimony to the effect that work contributed to or aggravated the employee's condition is all that is required under Wyoming law to meet the employee's burden of proving a material or substantial aggravation of a preexisting condition. To the extent the hearing officer concluded otherwise in paragraph 29, he misapplied the law.

[¶ 22] The evidence showed Ms. Boyce's condition was satisfactory up until she began work at the motel requiring her to be on her feet a significant part of each work day. Then, within just a few months, her condition had worsened to a point described as "extreme" and her foot was placed in a cast. The experts testified, without contradiction, that plantar fasciitis ordinarily resolves with the usual prescribed treatments unless the condition is aggravated by other factors. The Division presented no evidence suggesting Ms. Boyce's plantar faciitis was beyond ordinary when first diagnosed. Yet, the evidence showed, by February 2002 her condition was extreme. The only evidence presented explaining why that was so concerned her employment. The Division made no showing that other factors caused her condition to deteriorate. The only expert medical testimony presented was the unequivocal testimony of two doctors that Ms. Boyce's work aggravated her preexisting condition. No expert testimony was presented refuting their testimony or suggesting some other cause for her deteriorating condition. While the hearing officer correctly cited *Thornberg v. State ex rel. Wyoming Workers' Compensation Div.*, 913 P.2d 863 (Wyo.1996) for the principle that opinions expressed by medical experts in terms of "can," "could", or "possibly" are not sufficient to meet an employee's burden of proof, that principle is not applicable here where Ms. Boyce's experts used none of those limiting words, but testified unequivocally that in their opinion her work conditions aggravated her preexisting foot problems. The Division offered no evidence contradicting the doctors' opinions, no explanation for why those opinions should be ignored, and no evidence regarding what else could have caused the aggravation of Ms. Boyce's condition. From our review of the entire record in accordance with the applicable standard of review, we conclude the hearing officer based his conclusion that Ms. Boyce did not meet her burden of proving her preexisting condition was aggravated by work conditions on his erroneous belief that the medical testimony was legally inadequate. As a result, that conclusion was arbitrary and capricious, an abuse of discretion and not in accordance with Wyoming law.

[¶ 23] The hearing examiner's conclusion is reversed. This case is remanded to the district court to reverse the order denying benefits and for entry of an order granting benefits.