2005 WY 148

Cynthia M. TAYLOR, Appellant
(Petitioner),

v.

STATE of Wyoming, ex rel., WYOMING
WORKERS' SAFETY AND COMPEN-
SATION DIVISION, Appellee (Respon-
dent).

No. 05–14.

Supreme Court of Wyoming.

Nov. 22, 2005.

Representing Appellant: P.M. "Mike" Roberts, Erickson & Roberts, LLC, Rawlins, Wyoming.

Representing Appellee: Patrick J. Crank, Attorney General; John W. Renniesen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; Brandon W. Snyder, Special Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Cynthia M. Taylor challenges the denial of her claim for worker's compensation benefits. Ms. Taylor contends that the decision of the office of administrative hearings (OAH) is not supported by substantial evidence. We affirm.

## ISSUE

[¶ 2] Ms. Taylor presents the following issue for review:

Whether the hearing examiner's decision to deny benefits is supported by substantial evidence and is in accordance with law.

## FACTS

[¶ 3] In March 2002, Ms. Taylor sustained a back injury as a result of a slip and fall on ice. She alleged that the injury was incurred in the course of her employment with Wyoming Behavioral Institute. She applied for, and received, worker's compensation benefits. Ms. Taylor was evaluated by Carla J. Loflin (P.A. Loflin), a physician's assistant, who prescribed anti-inflammatory medication and referred Ms. Taylor to physical therapy. Ms. Taylor received physical therapy treatment for the injury from April 2002 through July 2002. She was discharged from physical therapy on July 16, 2002.

[¶ 4] After her discharge from physical therapy, Ms. Taylor was pain free for several months. She obtained new employment. In the course of that employment, she began to experience intermittent back pain which she initially attributed to the large amount of standing required in her new employment. On February 26, 2003, Ms. Taylor visited P.A. Loflin for complaints of lower back pain.

[¶ 5] On March 3, 2003, Ms. Taylor again visited P.A. Loflin. During that visit, Ms. Taylor described an incident which occurred on March 1, 2003. According to Ms. Taylor, she had injured her back ducking under a "water tanker" on the back of a semi-tractor. She was not at work at the time of the incident. Ms. Taylor filed a claim for worker's compensation benefits. She alleged that she was entitled to additional benefits because her current back complaints were causally related to her March 2002 compensable injury. The Wyoming Workers' Safety and Compensation Division (Division) denied the claim. The matter was referred to the OAH and a contested case hearing was held on March 2, 2004.

[¶ 6] Ms. Taylor testified at the hearing and presented the deposition testimony of P.A. Loflin. The Division presented evidence in the form of exhibits and cross-examination testimony. On March 31, 2004, the OAH issued its Order Denying Benefits. The district court affirmed the decision of the OAH. This appeal followed.

## STANDARD OF REVIEW

[¶ 7] When reviewing administrative decisions, we are limited to a determination of the factors specified in Wyo. Stat. Ann. § 16-3-114(c) (LexisNexis 2005), which provides:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

. . .

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

*Carabajal v. State ex rel. Wyo. Workers' Safety Compensation Div.*, 2005 WY 119, ¶ 8, 119 P.3d 947, 950 (Wyo.2005). In cases such as this where both parties submit evidence at the contested case hearing, we apply the substantial evidence standard of review. *Salas v. General Chemical*, 2003 WY 79, ¶ 9, 71 P.3d 708, 711 (Wyo.2003). Under the substantial evidence test:

"We afford respect and deference to a hearing examiner's findings of fact if they are supported by substantial evidence. Our task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions."

*Id.* (Internal citations omitted.)

[¶ 8] When a party charged with the burden of proof has failed to meet that burden, we review the case under the arbitrary, capricious, abuse of discretion, or otherwise not in accordance with law standard. *Boyce v. State ex rel. Wyo. Workers' Safety & Compensation Div.*, 2005 WY 9, ¶ 6, 105 P.3d 451, 454 (Wyo.2005).

"Under the arbitrary, capricious and abuse of discretion standard, we are charged with examining the entire record. In our examination and review of a hearing examiner's determination, we defer to the hearing examiner's findings of fact. We will examine conflicting and contradictory evidence to see if the hearing examiner reasonably could have made its findings based on all the evidence before it. The findings of fact may include determinations of witness credibility, as the hearing examiner is charged with determining the credibility of the witnesses. In our review, we will not overturn the hearing examiner's determinations regarding witness credibility unless they are clearly contrary to the overwhelming weight of the evidence."

*Id.* We review this case as if it had come directly to this Court from the agency and do not afford any deference to the district court's decision. *Bailey v. State ex rel. Wyo. Workers' Safety and Compensation Div.*, 2002 WY 145, ¶ 6, 55 P.3d 23, 25 (Wyo.2002).

## DISCUSSION

[¶ 9] In order to be eligible to receive worker's compensation benefits, a claimant must have sustained an "injury" which is defined by Wyo. Stat. Ann. § 27–14–102(a)(xi) (LexisNexis 2005) as, "any harmful change in the human organism other than normal aging … arising out of and in the course of employment while at work…." In order to prove that her injury occurred in the course of employment, Ms. Taylor must establish a causal connection between her work-related incident and her current complaints. *Hanks v. City of Casper*, 2001 WY 4, ¶ 6, 16 P.3d 710, 711 (Wyo.2001). Whether a causal connection exists is a question of fact. *Hurley v. PDQ Transport, Inc.*, 6 P.3d 134, 138 (Wyo.2000).

[¶ 10] The OAH found that Ms. Taylor did not prove that her 2003 back pain was caused by her March 2, 2002, work-related injury. Specifically, the OAH found that Ms. Taylor had prior back problems for which she was treated by a chiropractor monthly for approximately six years and that the March 2, 2002, injury had completely resolved by July 2002. The OAH also found that Ms. Taylor was pain free for more than six months before non-specific back pain returned and that she was not at work or performing any job duty when the 2003 strain occurred. The OAH further found that the medical testimony of P.A. Loflin, was "equivocal at best" and based upon a questionable history.

[¶ 11] Ms. Taylor challenges the findings relating to her prior medical history and the rejection of the testimony of P.A. Loflin. She contends that P.A. Loflin's testimony provides evidence of the requisite causal connection and notes that P.A. Loflin was the only medical expert who testified. She asserts that the opinion of P.A. Loflin regarding causal connection is unrefuted. Ms. Tay-

lor also contends that the medical history which she provided to P.A. Loflin was adequate and accurate. She refers us to her testimony that the prior problems, for which she received chiropractic treatments, related to her upper back and neck and were "different" than her current complaints of low back pain.

[¶ 12] Ms. Taylor's prior medical history is relevant to her credibility, the weight to be accorded P.A. Loflin's opinion testimony and the issue of causation. P.A. Loflin testified that her opinion was based, in part, on the medical history provided to her by Ms. Taylor. According to P.A. Loflin, Ms. Taylor did not advise her of any history of prior back problems. However, during the hearing, Ms. Taylor admitted that her prior medical history included monthly chiropractic treatments for back problems from 1992 through 1998. Medical records introduced at the hearing also reflected that Ms. Taylor had prior back problems for which she received chiropractic care.

[¶ 13] In support of its finding that the testimony of P.A. Loflin was "equivocal at best," the OAH stated:

On direct examination P.A. Loflin testified:

Q. Is it safe to say that but for the March 2 of 2002 compensable injury, that Ms. Taylor wouldn't have had her current problems?

A. I'm sorry. I misunderstood that.

**Q. What I asked was, is it safe to say that but for the injury that she received in March of 2002, that she wouldn't have had these problems, current problems?**

**A. You mean if she did not fall on that date and sustain a strain-**

**Q. Yes.**

**A. —that none of the—none of the following episodes would have occurred? Is that what you're asking?**

**Q. Yes.**

**A. That's a hard one to answer, as I don't know what she does in her off time.**

Q. But you had no information from—that it was caused by anything other than—

A. No. I'm just going—I'm going on what she reported to me-

Q. Uh-huh.

A. —on her history.

Q. And based on the information that you got from her from her history, is there anything that indicates that it was related to anything other than the March 2 of 2002 fall?

A. No.

Q. Okay. And do you have an opinion, based on a reasonable degree of medical probability, that—whether or not her current problems were directly caused by the 2002 work-related injury?

A. I **assume** that her continued problems **probably** do relate to that initial injury on the 2nd of March 2002. On cross-examination P.A. Loflin admitted she did initially take a history related to whether Taylor had prior back problems and did not know Taylor had previous chiropractic treatment for back pain.... P.A. Loflin also admitted that Taylor had recovered from her March 2002 injury and the March 1, 2003 incident could be a new injury.... As to the causation of Taylor's 2003 back pain, on cross-examination P.A. Loflin testified:

Q. Okay. So based on what you just said, can you say that this injury was caused by the March 2002 injury?

A. I can't say that it was caused by it, but I could say that it may have been complicated by it.

Q. Okay. But you just don't have enough information based on the gap in time; is that—is that right? Is that why you hesitate?

A. Correct.

(Emphasis in original.)

[¶ 14] The OAH could properly find this testimony to be equivocal. On two different occasions, P.A. Loflin admitted that she did not have enough information to say whether the 2003 symptoms were caused by the 2002 injury. In addition, under direct examination, P.A. Loflin stated that she assumed that

the problems were related to the 2002 injury, but under cross examination she stated she could not say that the 2002 injury caused the 2003 symptoms.

[¶ 15] With respect to medical testimony, "[w]e do not invoke a standard of reasonable medical certainty with respect to such causal connection. Testimony by the medical expert to the effect that the injury 'most likely,' 'contributed to,' or 'probably' is the product of the workplace suffices under our established standard." *Pino v. State ex rel. Wyo. Workers' Safety and Compensation Div. (In re Pino)*, 996 P.2d 679, 685 (Wyo. 2000) (internal citations removed). There is testimony in the record from P.A. Loflin that Ms. Taylor's current problems "probably do relate to that initial injury on the 2nd of March 2002." However, a hearing examiner is entitled to disregard an expert opinion if he finds the opinion unreasonable, not adequately supported by the facts upon which the opinion is based, or based upon an incomplete and inaccurate medical history provided by the claimant. *Franks v. State ex rel. Wyo. Workers' Safety & Compensation Div. (In re Franks)*, 2002 WY 77, ¶ 18, 46 P.3d 876, 879–80 (Wyo.2002); *Clark v. State ex rel. Wyo. Workers' Safety & Compensation Div.*, 934 P.2d 1269, 1271 (Wyo.1997).

[¶ 16] It is the obligation of the trier of fact to sort through and weigh the differences in evidence and testimony, including that obtained from medical experts. *Morgan v. Olsten Temporary Services*, 975 P.2d 12, 16 (Wyo.1999). "The task of determining the credibility of the witnesses and weighing the evidence is assigned to the [hearing examiner], and its determination will be overturned only if it is clearly contrary to the great weight of the evidence." *Hurley*, 6 P.3d at 138.

"Where the testimony of a disinterested witness is not directly contradicted but there are circumstances which controvert the testimony or explain it away, or if such testimony is clouded with uncertainty and improbability, or otherwise appears to be unreliable or unworthy of belief, the trier of fact is not bound to accept it. Justice does not require a court or jury to accept as an absolute verity any statement of a witness merely because it is not directly or specifically contradicted by other testimony, and there are many things which may properly be considered in determining the weight that should be given the direct testimony of a witness even though no adverse verbal testimony is adduced. If such testimony is evasive, equivocal, confused, or otherwise uncertain, it may be disregarded."

*Krause v. State ex rel. Wyo. Workers' Compensation Div. (Matter of Krause)*, 803 P.2d 81, 83 (Wyo.1990).

[¶ 17] While we recognize that evidentiary conflicts exist and the parties dispute the proper weight to be given the evidence, we find that substantial evidence exists to support the findings of the hearing examiner. Because the testimony of P.A. Loflin could properly be construed as equivocal and based upon an inadequate medical history, the hearing examiner was not required to accept it. Additionally, Ms. Taylor's discharge from physical therapy in July 2002 and her admission that she was pain free for several months thereafter support the finding that her initial injury had resolved by July 2002. In light of such evidence, the hearing examiner could reasonably have concluded that Ms. Taylor failed to establish a causal connection between her current medical problems and the 2002 work injury.

[¶ 18] The decision of the OAH is affirmed.